**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>    Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER COPE,<br><br>    Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>    Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HANES TACTICAL, LLC, and DAMION TERRELL BENNETT, <br><br> Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HARRISON GUNWORKS LLC, and TYLER HARRISON, <br><br> Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARS TRIGGER, LLC, and PETER BRENNEN, <br><br> Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>    Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>    Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>    Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs, | Civil Action No. 2:26-cv-00055-ALM |

v.

PROSOURCE FIREARMS, LLC,

     Defendant.

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

     Plaintiffs,

v.

SUPERIOR FIREARMS OF TEXAS, LLC,

     Defendant.

Civil Action No. 2:26-cv-00058-ALM

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

     Plaintiffs,

v.

Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,

     Defendant.

Civil Action No. 4:26-cv-00367-ALM

**ABC IP, LLC, AND RARE BREED TRIGGERS, INC.'S CONSOLIDATED**
**<u>MOTION FOR EXPEDITED DISCOVERY</u>**

## I.   INTRODUCTION

Rare Breed[1] seeks leave to conduct limited, expedited discovery before a preliminary injunction hearing. Good cause exists to allow this discovery. Rare Breed's proposed discovery will aid the parties and the Court by developing the record on key issues raised in Rare Breed's pending Consolidated Motion for Preliminary Injunction. Rare Breed's requested discovery is narrowly tailored to critical preliminary injunction issues. Because the discovery is limited to issues on which the parties will present briefing and evidence to the Court, any added burden on the Defendants to comply is minimal and not undue.

Rare Breed seeks to serve narrowly tailored interrogatories and requests for production (attached as Exhibits 1 and 2) on the Defendants and to take depositions of fact witnesses and corporate representatives. Rare Breed requests that the Court order this discovery on an expedited, efficient timeline: Defendants should respond to interrogatories and requests for production (including full production of requested documents) within 20 days after the Court's ruling on this Motion, and the requested depositions should occur within 21 days after the production of interrogatory responses and requested documents. This 41-day discovery window should conclude no less than 10 days before Plaintiffs' reply in support of their Consolidated Motion for Preliminary Injunction is due. Plaintiffs consider this Motion opposed by all Defendants.

## II.   STATEMENT OF FACTS

The relevant factual background of is set forth in detail in Rare Breed's Motion for Preliminary Injunction. Rare Breed therefore limits its statement of facts to only those relevant to its Motion for Expedited Discovery.

---

[1] This Motion refers to Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. collectively as "Rare Breed."

Rare Breed filed this Motion on May 28, 2026, the same day as its Motion for Preliminary Injunction. Rare Breed's Motion for Preliminary Injunction seeks relief against Defendants across thirteen actions.[2] Information relevant to preliminary injunction issues, particularly the likelihood of irreparable harm, is not publicly available and is within Defendants' exclusive control. This Motion for Expedited Discovery seeks discovery into those issues raised by Rare Breed's Motion for Preliminary Injunction.

## III.   ARGUMENT

### A.   Legal Standard

Discovery ordinarily does not begin before the parties confer under Rule 26(f). Fed. R. Civ. P. 26(d). But a court may, in its discretion, permit discovery before the Rule 26(f) conference. *Id.*

Courts in this District apply a "good cause" standard, examining the request "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127086, at *1–2 (E.D. Tex. Feb. 13, 2018) (granting-in-part expedited discovery and inviting movant to narrow rejected requests and re-submit to the court); *U.S. Commodity Futures Trading Comm'n v. Groover*, No. 4:11-CV-64, 2011 WL 1490901, at *5 (E.D. Tex. Feb. 11, 2011) (granting expedited

---

[2] Rare Breed's Consolidated Motion for Preliminary Injunction (Dkt. No. 7) seeks injunctive relief against 80Mills LLC d/b/a Tactical Titan Supply and Pearson Gardner (collectively, "80Mills"); Kristopher Cope; DNT d/b/a Deez Nutz Tactical and Zach Morrow (collectively, "DNT"); Hanes Tactical LLC and Damion Terrell Bennett (collectively, "Hanes Tactical"); Harrison Gunworks LLC and Tyler Harrison (collectively, "Harrison Gunworks"); MaRs Trigger, LLC and Peter Brennen (collectively, "Mars"); Mister Guns LLC, Thomas Carter II, and Brandi Carter (collectively, "Mister Guns"); Steven Thanh Nguyen d/b/a Polymer Pew ("Polymer Pew"); Optics Planet, Inc. d/b/a Ecentria ("Optics Planet"); PistolCap Limited Company d/b/a Frisco Guns and Mordekhai Harroch (collectively, "Frisco Guns"); ProSource Firearms, LLC ("ProSource Firearms"); Superior Firearms of Texas, LLC ("Superior Firearms"); and Z3 Productions, LLC d/b/a Z3 PRO ("Z3") (80Mills, Kristopher Cope, DNT, Hanes Tactical, Harrison Gunworks, Mars, Mister Guns, Polymer Pew, Optics Planet, Frisco Guns, ProSource Firearms, Superior Firearms, and Z3 collectively, "Defendants").

discovery); this "good cause" test considers five factors: "(1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendant to comply with the requests, and (5) how far in advance of the typical discovery process the request was made." *Huawei*, 2018 WL 10127086, at *2 (citation and quotation marks omitted).

### B. Good Cause Exists for Rare Breed's Requested Expedited Discovery

#### 1. Factor 1: Rare Breed's Pending Preliminary Injunction Motion Supports Granting Expedited Discovery

Factor 1 favors expedited discovery because Rare Breed has a currently pending Motion for Preliminary Injunction. This factor (the pending nature of a preliminary injunction) supports good cause when a preliminary injunction is currently at issue. *See, e.g.*, *Huawei*, 2018 WL 10127086, at *2 (finding factor weighed toward expedited discovery when preliminary injunction was pending); *PSS World Med. Inc. v. Fairchild*, No. 1:11CV22, 2011 WL 13217506, at *2–3 (E.D. Tex. Feb. 3, 2011) (granting in part motion for expedited discovery when a preliminary injunction was pending).

Here, Rare Breed filed this Motion on the same day it filed its Motion for Preliminary Injunction. *See* Dkt. No. 7. Rare Breed's Motion is reasonably timed so that the parties can conduct discovery before a hearing on the Motion. Targeted discovery will inform the parties and the Court as to the propriety and scope of a preliminary injunction. Accordingly, this factor favors good cause supporting expedited discovery.

#### 2. Factors 2 and 4: Rare Breed's Requested Discovery Is Narrowly Tailored to Issues Relevant to Its Preliminary Injunction Motion and Does Not Impose an Undue Burden

Factors 2 and 4 also support good cause. Rare Breed's requests are narrowly tailored to two issues raised in its Motion for Preliminary Injunction, and every responsive document or fact

is within the Defendants' exclusive control. Factor 2 considers whether the requested discovery is narrowly tailored in scope. *Huawei*, 2018 WL 10127086, at *2. Factor 4 considers the burden on the responding party to comply with the requests, which courts have treated as minimal and not undue when the requested discovery is narrow and the responsive information is in the responding party's possession. *See, e.g.*, *Amos v. Taylor*, No. 4:20-cv-7-DMB-JMV, 2020 WL 618824, at *7 (N.D. Miss. Feb. 10, 2020).

Rare Breed seeks three categories of discovery: financial information bearing on irreparable harm, information on the accused products bearing on likelihood of success, and communications bearing on the proper scope of injunctive relief. In total, Rare Breed requests three interrogatories and four requests for production (Exs. 1, 2), as well as the depositions described in Appendix A. Appendix B maps the interrogatories and requests for production onto each of the Defendants and provides the applicable patents and products for each case.

The first category of Rare Breed's discovery requests targets Defendants' ability to satisfy an eventual damages award—a recognized component of the irreparable harm analysis. Mot. for Prelim. Inj. at 13; *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 560 n.1 (5th Cir. 1987) ("[D]ifficulty in collecting a damage judgment may support a claim of irreparable injury" (citation and quotation marks omitted)); *Zenith Lab'ys v. Eli Lilly & Co.*, 460 F. Supp. 812, 825–26 (D.N.J. 1978) ("Zenith's financial status is tenuous at best. Zenith will be able to pay no more than $500,000 in damages were Lilly to prevail in this litigation."). Specifically, Rare Breed requests targeted discovery about Defendants' assets, financial position, sales of infringing products, planned product releases, sales data, and market share projections. Ex. A at 5 (Interrogatories 1, 2); Ex. B at 4–5 (Document Requests 1, 2, & 4). None of this information requires third-party subpoenas; it is in Defendants' sole possession.

The second category targets information related to the accused products, including their functionalities and capabilities. Ex. A at 5–6 (Interrogatory 3). This information is highly relevant to the infringement inquiry, which the Court must evaluate to decide the issue of likelihood of success on the merits. *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024) (patentee must show it is likely to prove infringement). In addition, information regarding the source and manufacture of accused products will aid the Court in streamlining the case by identifying commonalities among products from various distributors and resellers. *See* Ex. A at 5–6 (Interrogatory 3). This request targets information tailored to relevant characteristics of the accused products, which is in the Defendants' possession.

The third category targets non-privileged communications among Defendants and between them and third parties about the accused products and this litigation. Ex. B at 4–5 (Document Request 3). Rule 65(d)(2)(c) binds not only the parties but anyone "in active concert or participation" with them, making these communications dispositive of who an injunction would reach. Fed. R. Civ. P. 65(d)(2) (preliminary injunction binds "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" the parties and their officers, agents, servants, employees, and attorneys). The requested communications are likewise in Defendants' possession. Because Rare Breed's requests target two questions the Court must decide and request only information already within the Defendants' possession, factors 2 and 4 show good cause for Rare Breed's requested expedited discovery.

### 3.    Factor 3: Rare Breed Seeks Discovery for a Proper Purpose

Factor 3 (purpose of the requested expedited discovery) further shows good cause. Expedited discovery serves a proper purpose when it develops a factual record that the parties and the Court need to resolve a pending preliminary-injunction motion, particularly where the relevant facts lie within the responding party's exclusive control. *See, e.g.*, *PSS World*, 2011 WL 13217506,

5

at *2 (ascertaining scope and nature of challenged conduct is proper purpose); *Tracfone Wireless, Inc. v. King Trading, Inc.*, No. 3-8-cv-398-B, 2008 WL 918243, at *1 (N.D. Tex. Mar. 13, 2008) (similar).

Rare Breed's requested discovery serves a legitimate purpose. The requested revenue, sales data, market-share projections, and the communications described above are not publicly available and rest with the Defendants. That information also bears directly on and informs the irreparable-harm and scope-of-relief questions the Court must decide on the preliminary-injunction motion. Requested information about the accused products will streamline the Court's infringement analysis and develop a proper factual record to resolve the preliminary injunction motion.

### 4. Factor 5: The Timing of the Request Favors Expedited Discovery

As to factor 5 (timing), the timing of Rare Breed's requested discovery aligns with cases in which courts have granted an expedited discovery motion that was filed together with a preliminary injunction motion. *E.g.*, *Huawei*, 2018 WL 10127086, at *2–3 (granting expedited discovery motion, where the preliminary injunction motion and expedited discovery motion were filed on the same day at Dkts. 11 and 12, respectively). Here, Rare Breed files this Motion together with its Motion for Preliminary Injunction and shortly after transfer was finalized for many of these cases. Case No. 4:26-md-03176, Dkts. 1, 2 (transfer order and finalized CTO); Dkt. No. 7 (motion for preliminary injunction). As a result, the instant Motion and the requested discovery are appropriately timed and would afford the parties time to conduct the necessary discovery before a hearing on the Motion for Preliminary Injunction.

## IV. CONCLUSION

For the above reasons, Rare Breed asks the Court to grant its Motion for Expedited Discovery to support its Motion for Preliminary Injunction.

DATED: May 29, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
         bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 29, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*

Matthew A. Colvin

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for Plaintiffs attempted to meet with counsel for Defendants to discuss the parties' positions on this motion. Counsel for Plaintiffs, Benjamin J. Christoff, emailed counsel for Defendants on May 15, 2026, to schedule telephonic meetings regarding Defendants' position on the motion. During meetings conducted between May 18 and May 22, Defendants' Counsel stated that they would provide their positions on the motion, but Plaintiffs' Counsel did not receive their positions. Plaintiffs' Counsel sent a follow-up email on May 22 again seeking Defendants' positions, but did not receive responses from Defendants' Counsel. Plaintiffs consider the motion opposed.

*/s/ Matthew A. Colvin*
Matthew A. Colvin