## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-MD-03176-ALM** **MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., *Plaintiffs,* v. MARS TRIGGER, LLC, and PETER BRENNEN, *Defendants.* | Civil No. 2:26-CV-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., *Plaintiffs,* v. MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER, *Defendants.* | Civil No. 2:26-CV-00056-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., *Plaintiffs,* v. OPTICS PLANET, INC., d/b/a ECENTRIA, *Defendant.* | Civil No. 4:26-CV-00521-ALM |

**CERTAIN DEFENDANTS' MOTION TO STAY AND ENLARGE DEADLINES RELATING TO PLAINTIFFS' CONSOLIDATED PRELIMINARY INJUNCTION FILINGS**

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br>v.<br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>    *Defendants.* | Civil No. 2:26-CV-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br>v.<br>PROSOURCE FIREARMS, LLC,<br><br>    *Defendant.* | Civil No. 2:26-CV-00055-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br>v.<br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>    *Defendant.* | Civil No. 2:26-CV-00058-ALM |

**CERTAIN DEFENDANTS' OPPOSED MOTION TO STAY AND ENLARGE DEADLINES RELATING TO PLAINTIFFS' CONSOLIDATED PRELIMINARY INJUNCTION FILINGS, REQUIRE A STRUCTURED CONFERRAL PROCESS, AND SET A STATUS CONFERENCE[1]**

---

[1] Because this Motion is brought jointly by certain defendants subject to Plaintiffs' May 29, 2026 Consolidated Motion for Preliminary Injunction. *In re Rare Breed Triggers Patent Litigation*, No. 4:26-md-03176 (E.D. Tex.), Dkt. 7, and other PI-related filings discussed in this motion, this filing is one of a coordinated set of six substantively identical or nearly identical motions.

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................................... *i*

TABLE OF AUTHORITIES .............................................................................................. *ii*

I.     INTRODUCTION.................................................................................................2

II.    BACKGROUND .................................................................................................4

III.   ARGUMENT......................................................................................................6

    A.  Good Cause Exists to Stay and Enlarge PI Deadlines Pending Conferral and a Status Conference..................................................................................6

    B.  Plaintiffs' Failure to Meet and Confer Created the Need for this Motion and the Process Requested.......................................................................................8

    C.  A Court-Entered Protective Order Remains Necessary Before PI Discovery Proceeds ........................................................................................10

    D.  Plaintiffs Cannot Seek Emergency Relief on the '403 Patent and Other Improperly Pleaded Patents .................................................................11

    E.  Expedited Discovery Must Be Reciprocal and Sequenced.........................................13

    F.  MDL Coordination is Not a Shortcut Around Rule 65................................................13

IV.  CONCLUSION AND REQUESTED RELIEF ...........................................................14

# TABLE OF AUTHORITIES

## Cases

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001)...........................................................................................7

*Katz v. Lear Siegler*, Inc.,
    909 F.2d 1459 (Fed. Cir. 1990) ........................................................................................13

*St. Louis Grp., Inc. v. Metals & Additives Corp.*,
    275 F.R.D. 236 (S.D. Tex. 2011) .....................................................................................13

*White v. Carlucci*,
    862 F.2d 1209 (5th Cir. 1989) ...........................................................................................7

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) .............................................................................................................14

## Statutes & Rules

Fed. R. Civ. P. 65 ................................................................................................................ *passim*

Certain Defendants[2] in the six above-captioned cases, via several concurrently-filed motions, jointly seek the following:

(1) an emergency stay of all deadlines for Defendants' responses to Plaintiffs' consolidated preliminary-injunction-related filings—including the Consolidated Motion for Preliminary Injunction ("PI Motion"), Dkt. 7[3]; the Consolidated Motion for Expedited Discovery, Dkt. 11; the Motion to Seal, Dkt. 5; and the Motion for Excess Pages, Dkt. 12;

(2) a twenty-one day period for the parties to confer on threshold procedural issues arising from Plaintiffs' consolidated filings and submit agreed orders and/or competing proposals on procedural disputes; and

(3) after the conferral period, a status conference with the Court to address threshold procedural issues, including briefing schedule, protective order or other confidentiality protocol, reciprocal discovery procedures, bond/security issues, and the pleading status of the patents on which Plaintiffs seek emergency relief, and to hear argument, if helpful to the Court, on Defendants' other separately-filed related motions, specifically:

a) Joint Motion to Hold in Abeyance Plaintiffs' Consolidated Motion for Preliminary Injunction, which seeks to hold Plaintiffs' PI Motion in abeyance until Plaintiffs obtain leave to amend the operative complaints to assert the patents on which they seek preliminary relief,

---

[2] Defendants Mister Guns, LLC, Thomas Carter II, Brandi Carter, PistolCap Limited Company d/b/a Frisco Guns, Mordekhai Harroch, ProSource Firearms, LLC, and Superior Firearms of Texas, LLC are referred to herein as the "**Atrius Customer Defendants.**" Unless otherwise stated, "**Defendants**" refers collectively to the Atrius Customer Defendants, plus Defendants MaRs Trigger, LLC, Peter Brennen, and Optics Planet, Inc. Defendants understand that certain other defendants ("**Other Defendants**") have or will file a separate motion to stay all preliminary-injunction proceedings, requesting highly-similar relief as that sought in the present Motion.

[3] For the parties' and Court's convenience, unless otherwise noted, citations are made to the docket numbers in the MDL proceeding (4:26-md-03176), where Plaintiffs originally made all preliminary-injunction-related filings on May 29, 2026.

including the newly issued '403 patent, and

b) Joint Motion to Stay Plaintiffs' PI Motion Pending Federal Circuit Appeals, which seeks to stay Plaintiffs' PI Motion pending the Federal Circuit's rulings in the related *Partisan* and *Hoffman* preliminary-injunction appeals, which involve overlapping issues concerning Rare Breed's asserted irreparable harm, balance of hardships, public interest, and likelihood of success.

Defendants' immediate request is a stay of the deadlines for responding to Plaintiffs' PI Motion (currently due June 12, 2026) and related motions. Plaintiffs filed a sealed, consolidated PI Motion spanning thirteen defendant groups, three accused products, five asserted patents, and dozens of claims, yet there is no protective order, discovery order, agreed schedule, or operative complaint in any underlying action asserting all five patents. The default fourteen-day response period is therefore unworkable, and good cause exists to enlarge it under Local Rule CV-7(e) and Local Patent Rule 1-2, which authorizes deadline modifications based on "the complexity of the case or the number of patents, claims, products, or parties involved."

Defendants do not seek a merits denial of Plaintiffs' preliminary-relief request in this motion; they will address the merits in their respective oppositions. This motion seeks only the process necessary for fair Rule 65 adjudication before Plaintiffs impose emergency injunction practice across multiple defendants, accused products, unsettled pleadings, and a sealed record. At a minimum, Defendants request an immediate stay of the current PI response deadline pending a meaningful conferral period and a conference with the Court and Plaintiffs to resolve the underlying procedural hurdles that must be addressed before the PI issue can proceed.

## INTRODUCTION

Plaintiffs filed a sealed, consolidated PI Motion alleging patent infringement by thirteen separate defendant groups, three distinct accused products, five asserted patents, and dozens of asserted claims. Plaintiffs simultaneously seek unilateral expedited discovery, sealing, excess

briefing pages, and leave to amend multiple complaints to add patents, including the newly issued '403 patent. But the threshold procedures necessary for fair Rule 65 adjudication, critically important in this multi-defendant, multi-patent context, are not in place: there is no protective order to protect the parties' confidential information, no discovery order setting the proper scope of the expedited discovery required by Plaintiffs' PI Motion, no PI scheduling order governing the discovery timing, motion practice, briefing, or evidentiary hearing procedures, and no Court-approved procedures governing expert access, client access, discovery confidentiality, hearing procedures, or bond. Plaintiffs also ask the Court to assess the likelihood of success on patents that, by Plaintiffs' own pleadings, are not properly pleaded against all defendants from whom emergency relief is sought. That pleading gap is most acute as to the newly issued '403 patent, but also affects the '159, '538, and '784 patents in certain underlying actions.[4]

The default response period is not workable. Plaintiffs' PI Motion asks the Court to adjudicate mechanically distinct products accused of infringing multiple patents involving thirteen groups of differently situated defendants on a single accelerated record. *See* PI Mot. at 1–4, 7–20, Dkt. 7. Plaintiffs' proposed discovery order would impose a 41-day discovery period and effectively dictate a PI schedule before threshold issues are resolved. Proposed Order, Dkt. 11-5.

---

[4] Plaintiffs' own PI Motion confirms the pleading problem. In a footnote, Plaintiffs acknowledge that they have "pending motions" to assert the '159, '538, and '403 patents against 80Mills, Hanes, Gunworks, and Z3; the '784 and '403 patents against Polymer Pew; the '159, '538, '784, and '403 patents against DNT; and the '403 patent "against the remaining Defendants." PI Mot. at 4 n.4, Dkt. 7. The underlying leave motions also reflect inconsistent conferral postures: in several actions Plaintiffs state, incorrectly, that no response was received while listing the motion as opposed, and in the Cope action Plaintiffs filed no certificate of conference. *See, e.g.,* MaRs, Dkt. 27; Optics Planet, Dkt. 49; Superior, Dkt. 27; Mister Guns, Dkt. 28; ProSource, Dkt. 25; PistolCap, Dkt. 25; Cope, Dkt. 15. Thus, Plaintiffs ask the Court to adjudicate likelihood of success on patents—including the '159, '538, '784, and'403 patents—before the Court has granted leave to add those patents to the operative pleadings in the underlying actions and against a procedurally inconsistent amendment record. This highlights the need for a structure process and status conference.

Plaintiffs' later June 3 counterproposal, arising from the parties' meet-and-confer to this motion, confirms the problem: it would require Defendants to file PI oppositions before document production and depositions occur, leaving Defendants to test Plaintiffs' evidence only after their principal opposition briefs are due. Post-filing discussions have narrowed one sealed-materials access issue for the Atrius Customer Defendants, but have not supplied a Court-entered protective order, discovery protocol, client-access procedure, expert-access procedure, or protection for competitively sensitive technical information Atrius or others may be required to produce. Plaintiffs' excess-pages request likewise compounds the imbalance by expanding Plaintiffs' opening presentation without first establishing a fair structure for defendant-specific responses. The need for structure is heightened by Plaintiffs' recent filing of at least twenty-four additional infringement actions asserting the same five patents, which may multiply the same pleading, confidentiality, discovery, product-specific, and scheduling issues..

Plaintiffs' file-now, sort-it-out-later approach is not a workable framework for expedited injunctive relief involving numerous parties and multiple patents. It is a recipe for procedural disorder, duplicative motion practice, unnecessary prejudice, and an incomplete Rule 65 record.

The Defendants' requests are straightforward and fair: pause the current PI deadlines pending further order, require focused conferral on procedures and timing, and hold a status conference to set an orderly and fair process for discovery, motions practice, briefing, and any hearing before Defendants' PI opposition deadline begins to run.

## BACKGROUND

On May 29, 2026, Plaintiffs filed a consolidated PI Motion against thirteen defendant groups involving three accused products—the Super Safety, ARC-Fire, and Atrius Selector—and five asserted patents: U.S. Patent Nos. 12,038,247; 12,578,159; 12,529,538; 12,031,784; and 12,636,403. PI Mot. at 3 & n.2, 7, Dkt. 7. Alongside the PI Motion, Plaintiffs filed motions for

expedited discovery, to seal the record, to extend page limits, and to amend complaints to add certain patents, including the newly issued '403 patent. Expedited Discovery Mot. at 1–2, Dkt. 11; PI Mot. at 4 n.4, Dkt. 7. Plaintiffs' proposed discovery order would require written responses and document production within 20 days, depositions within the following 21 days, and Plaintiffs' PI reply no less than 10 days after that 41-day window closes. Proposed Order, Dkt. 11-5.

Plaintiffs provided limited advance notice, while withholding information Defendants needed to evaluate or narrow the issues. On May 25, 2026, counsel for Atrius and the Atrius Customer Defendants requested, among other things, the specific patents and claims Plaintiffs intended to assert; the specific accused products for which relief would be sought; the defendants, captions, docket numbers, and requested relief; the categories of information Plaintiffs contended warranted sealing; the topics of proposed expedited discovery; and Plaintiffs' position on Rule 65(c) security. Ex. A. Counsel asked Plaintiffs to provide that information before filing. *Id.* On May 26, counsel confirmed opposition to the PI Motion, amendment, oversized briefing, and expedited discovery, and requested more detail regarding Plaintiffs' sealing position. Ex. B.

Plaintiffs filed before resolving those threshold issues. Their certificate of conference stated that Defendants "stated that they would provide their positions on the motion, but Plaintiffs' Counsel did not receive their positions." PI Mot., Cert. of Conference, Dkt. 7. But Defendants had stated opposition and requested the information needed to narrow disputes over sealing, discovery, briefing, amendment, bond, and scheduling. That history supports structured conferral now.

Post-filing communications have narrowed one sealed-materials access issue as to the Atrius Customer Defendants and Atrius. Plaintiffs agreed that outside counsel for Atrius and the Atrius Customer Defendants, and their retained experts/consultants, may access the sealed PI materials, subject to identification and certification procedures, and stated they would file public

---

redacted versions of the PI Motion and supporting declarations by June 3, 2026. Plaintiffs still object to direct client access and contend no interim protective order is necessary. On June 3, Plaintiffs also counterproposed a schedule requiring Defendants' PI oppositions on June 22, document production on June 23, depositions on July 14, Plaintiffs' reply on July 28, Defendants' sur-reply on August 7, and a later hearing. That proposal does not resolve the threshold problems; it confirms that Plaintiffs expect Defendants to oppose the PI Motion before obtaining discovery needed to test Plaintiffs' evidence.

## ARGUMENT

Defendants' motion should be granted because good cause exists to stay and enlarge the PI deadlines. Plaintiffs seek emergency injunctive relief on a sealed, unsettled, multi-patent, multi-product, multi-defendant record before the procedures necessary for fair Rule 65 proceedings are in place. Plaintiffs filed without providing the basic information Defendants requested to confer meaningfully on access to sealed materials, a protective order, reciprocal expedited discovery, defendant-specific identification of the patents, claims, accused products, requested relief, and Rule 65(c) security. Those omissions prejudice Defendants' ability to consult with clients, manufacturers, witnesses, and experts; determine which patents are properly pleaded against which Defendants; and test Plaintiffs' infringement, irreparable-harm, hardship, and bond evidence before any PI opposition is due. MDL coordination does not cure those defects or justify unmanaged default PI deadlines across existing and newly filed actions.

### A. Good Cause Exists to Stay and Enlarge PI Deadlines Pending Conferral and a Status Conference.

Good cause exists to pause the PI-related deadlines, require organized conferral, and set a status conference. Defendants do not seek an indefinite stay; they seek a short procedural pause so the Court can set a fair Rule 65 schedule before opposition deadlines run. Plaintiffs seek

extraordinary relief on a sealed, unsettled, multi-patent, multi-product, multi-defendant record before the Court has entered the procedures necessary for fair adjudication. Local Rule CV-7(e) permits this relief, and Local Patent Rule 1-2 authorizes the Court to "accelerate, extend, eliminate, or modify" patent-case deadlines based on "the complexity of the case or the number of patents, claims, products, or parties involved." This consolidated, five-patent, thirteen-defendant, three-product PI motion fits that rule.

A preliminary injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). In a patent PI, the patentee "must show that, in light of the presumptions and burdens that will inhere at trial on the merits, (1) [it] will likely prove that [the accused infringer] infringes the … patent, and (2) [its] infringement claim will likely withstand [the accused infringer's] challenges to the validity and enforceability of the … patent." *Amazon.com, Inc. v. Barnesandnoble.com, Inc*., 239 F.3d 1343, 1350–51 (Fed. Cir. 2001). Those "infringement and validity analyses . . . must be performed on a claim-by-claim basis." *Id*.

The default response period is not workable under those standards. Within fourteen days, Defendants cannot fairly resolve confidentiality issues across all defendants; obtain a protective order; determine what may be shared with clients, manufacturers, experts, consultants, and witnesses; investigate infringement product by product and validity patent by patent; evaluate the newly issued '403 patent; address amendment issues; gather sales, pricing, hardship, and bond evidence; prepare expert declarations; respond to proposed expedited discovery; seek reciprocal discovery; and coordinate positions among differently situated defendants. Notice under Rule 65(a)(1) requires a fair opportunity to investigate and respond. Plaintiffs' PI Motion does not

merely accelerate existing pleaded claims; it seeks merits relief on patents Plaintiffs have not shown, case by case, are properly pleaded against each defendant from whom relief is sought.

### B. Plaintiffs' Failure to Meet and Confer Created the Need for this Motion and the Process Requested.

Local Rule CV-7(h) requires substantive, good-faith conferral accurately reflected in the certificate of conference. That requirement matters because Plaintiffs' PI package cannot fairly proceed without advance agreement—or Court resolution—on threshold issues: who may review sealed materials; what discovery is permitted; whether discovery is reciprocal; which patents, claims, products, and defendants are implicated; whether the '403 patent and other newly added patents are properly pleaded in each case; what bond Plaintiffs propose; and what briefing/hearing schedule should apply. Before Plaintiffs filed, Defendants requested the information necessary to confer meaningfully: patents, claims, accused products, defendants, requested relief, sealing categories, expedited-discovery topics, and Plaintiffs' Rule 65(c) security position. Plaintiffs filed before resolving those issues. Post-filing communications have narrowed the sealing/access issue to the Atrius Customer Defendants and Atrius; many threshold issues remain for all defendants.

Defendants sought to confer with the Plaintiffs before they filed their multifarious motions. Ex. A.  Plaintiffs chose not to respond or otherwise confer with Defendants. On May 25, 2026, in response to a group email that Plaintiffs' counsel sent to Defendants' counsel, Atrius's counsel (who also represents the Atrius Customer Defendants) requested the specific patents and claims Plaintiffs intended to assert; the specific accused products for which relief would be sought; the specific defendants, captions, docket numbers, and requested relief; the categories of information Plaintiffs contended warranted sealing; the topics of proposed expedited discovery; and Plaintiffs' position on security under Rule 65(c). *Id*. Plaintiffs provided no response. The next day, counsel for the Atrius Customer Defendants likewise confirmed opposition to the PI Motion, motion to

amend, oversized briefing, and expedited discovery, and asked Plaintiffs to "provide some additional detail regarding the specific type of information [Plaintiffs] anticipate referencing that [they] believe would need to be sealed." Ex. B. Again, Plaintiffs did not provide the requested information and instead filed their PI motion with a misleading Certificate of Conference.

Plaintiffs' filing includes a sealed, multi-product, multi-patent PI package and amendment motions with inconsistent conferral records—some identifying Defendants as opposed despite stating no response was received, and one apparently omitting a certificate of conference altogether. *See, e.g.,* MaRs, Dkt. 27; Optics Planet, Dkt. 49; Superior, Dkt. 27; Mister Guns, Dkt. 28; ProSource, Dkt. 25; PistolCap, Dkt. 25; Cope, Dkt. 15. Plaintiffs then certified in the PI Motion that Defendants "stated that they would provide their positions on the motion, but Plaintiffs' Counsel did not receive their positions." PI Mot., Cert. of Conference, Dkt. 7. That statement is false. Defendants stated their opposition and requested the information needed to narrow the disputes, propose procedures, and present the focused issues to the Court. Local Rule CV-7(h) and (i) require more than the Plaintiffs' incomplete description of the parties' conferences. An opposed-motion certificate must state the date, manner, and participants of the conference and provide "an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse." Plaintiffs' certificate provides neither. It fails to acknowledge that Defendants requested the specific information needed to confer on the threshold procedures and, in the absence of a response from Plaintiffs' counsel, stated their opposition; it instead suggests that Defendants simply failed to respond. That is both inaccurate and noncompliant. The remedy is straightforward: pause default deadlines, require structured conferral on threshold PI procedures, require agreed orders or side-by-side proposals where disputes remain, and hold a status conference to set the PI schedule.

C.  **A Court-Entered Protective Order Remains Necessary Before PI Discovery Proceeds.**

Plaintiffs' post-filing discussions with the Atrius Customer Defendants narrowed one sealing/access issue for those defendants only; they did not resolve sealing, access, or confidentiality issues across all defendants. Plaintiffs agreed that outside counsel for the Atrius Customer Defendants and Atrius, and their retained experts/consultants, may access the sealed PI materials, subject to identification and certification procedures; Plaintiffs also agreed to file redacted versions of the PI Motion and supporting declarations by June 3. Those limited concessions do not replace a Court-entered protective order governing all PI participants, PI discovery, client access, expert access, use restrictions, and competitive safeguards. A sealing order restricts public access; it does not establish who within the defense may review sealed materials, what may be shared with clients, witnesses, and experts, or how confidential discovery will be used. Nor do Plaintiffs' concessions protect the defendants when discovery runs in the opposite direction. Plaintiffs seek expedited discovery that may require defendants and non-party manufacturers to produce competitively sensitive technical, financial, engineering, and product-design information. Atrius and Plaintiffs are competitors. Before such discovery proceeds, the Court should enter a protective order with appropriate competitive safeguards.

Other defendants joining this motion do not, as of filing, have the same access agreement. Nor does any uniform Court-entered order govern sealed-material access, expert disclosures, client access, discovery materials, or prosecution-bar protections across the PI process. Plaintiffs' PI Motion relies on sealed technical, financial, and market-based materials central to infringement, product operation, sales, pricing, inventory, customer communications, alleged harm, hardship, and bond. Even under a standard protective-order framework, expert access can be delayed by notice-and-objection procedures, which are incompatible with a default fourteen-day PI response

---

deadline. The PI deadlines should therefore not run, and expedited discovery should not issue, until the Court enters a protective order or confidentiality protocol permitting appropriate defense consultation while protecting confidential technical, financial, and competitive information.

### D. Plaintiffs Cannot Seek Emergency Relief on the '403 Patent and Other Improperly Pleaded Patents.

Plaintiffs' reliance on patents that are not properly pleaded against all affected Defendants presents a threshold pleading and sequencing defect that should be resolved before PI briefing begins. The problem is most acute as to the newly issued '403 patent, but it is not limited to that patent. Plaintiffs' own PI Motion acknowledges pending or mooted motions for leave to add the '159, '538, '784, and/or '403 patents in various underlying actions, even as Plaintiffs ask the Court to adjudicate likelihood of success on those patents now. PI Mot. at 3 & n.2, 4 n.4, Dkt. 7. Plaintiffs' PI Motion thus assumes away the threshold procedural question whether each patent is properly asserted against each defendant subject to the requested injunction.

Plaintiffs' own submissions confirm the '403 gap. Their economic declarant's irreparable-harm analysis is expressly limited to the '247, '784, '538, and '159 patents and does not address the '403 patent. Eichmann Decl. ¶ 10 & n. 11, Dkt. 7-1. Plaintiffs also represented to the Judicial Panel that the '403 patent "will soon read across every accused product family in this MDL." *In re Rare Breed Triggers Patent Litigation*, MDL No. 3176, Dkt. 92 at 2 (attached as Ex. C). Plaintiffs seek emergency relief on a patent for which they submitted no patent-specific irreparable-harm analysis and which, by their own account, was only prospectively poised to reach the accused products. Plaintiffs cannot file proposed amended complaints and a PI Motion at the same time, then litigate as if leave to amend has already been granted. Local Rule CV-7(k) confirms the distinction: if a motion for leave is granted, the document is deemed filed as of the original filing date, but "[t]he time for filing any responsive documents will run from the date of

---

the order on the motion for leave." Until the Court grants leave where leave is required, the proposed amended complaints remain proposed.

The prejudice is concrete. A PI opposition on newly added or unpleaded patents requires analysis of asserted claims, claim scope, infringement, noninfringement, invalidity, irreparable harm, causal nexus, balance of hardships, public interest, bond, and injunctive scope. Those burdens should not be triggered by non-operative proposed pleadings. Promptness does not excuse pleading defects. Plaintiffs must first establish, case by case and patent by patent, that each patent is properly pleaded against each defendant from whom emergency relief is sought. Plaintiffs were free to seek leave to amend, obtain a ruling where leave was required, establish the relevant patents as part of the operative pleadings, and then seek preliminary relief on a settled record. What Plaintiffs cannot do is reverse that order—moving for emergency relief first and asking the Court and Defendants to treat the amendment issues as a *fait accompli*. Defendants do not contend Plaintiffs may never seek PI relief based on them. Plaintiffs must first establish, case-by-case and patent-by-patent, that each patent is properly pleaded against each defendant from whom they seek emergency relief. That is especially true for the '403 patent because, **three days before** Plaintiffs' PI Motion, Atrius filed a declaratory-judgment action directed to the '403 patent, giving Plaintiffs a direct manufacturer forum to address infringement and validity issues involving the accused Atrius product. *See Atrius Dev. Grp. Corp. v. ABC IP, LLC*, No. 7:26-cv-00211, Dkt. 1 (W.D. Tex.) (attached as Ex. D). Plaintiffs have not yet answered in that action, yet are seeking emergency relief against downstream resellers on a sealed, incomplete, and procedurally unsettled record.

For Atrius Customer Defendants, the manufacturer-first posture further supports orderly sequencing. Manufacturer litigation generally takes precedence over customer suits. *Katz v. Lear Siegler*, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990). Atrius has filed a manufacturer declaratory-

---

judgment action on the '403 patent. Ex. D. The Court need not decide customer-suit precedence now. Reseller-only emergency relief should not proceed on an unsettled pleading record.

### E.    Expedited Discovery Must Be Reciprocal and Sequenced.

Discovery must be reciprocal and sequenced so Defendants can use it before opposing the PI Motion. Plaintiffs bear the burden on likelihood of success, irreparable harm, causal nexus, balance of hardships, public interest, and security. Much of the relevant PI evidence is in Plaintiffs' possession, including pricing, dealer programs, licensing practices, enforcement history, delay, alleged lost sales, price erosion, lost market share, reputational harm, damages theories, and bond. Plaintiffs' counterproposal confirms the defect: it sets Defendants' PI oppositions for June 22, document production for June 23, and depositions for July 14. That sequence gives Plaintiffs discovery for their reply while forcing Defendants to oppose emergency relief before testing Plaintiffs' evidence. A later sur-reply is not a substitute for a meaningful principal opposition on a developed record. Pre-conference discovery requires "good cause," which exists only when "the need for expedited discovery outweighs the prejudice to the responding party." *St. Louis Grp., Inc. v. Metals & Additives Corp*., 275 F.R.D. 236, 239–40 (S.D. Tex. 2011). Any expedited discovery should issue only after the Court enters a protective order, defines the key issues relevant to the PI Motion; and ensures discovery is completed before Defendants' PI oppositions are due.

### F.    MDL Coordination is Not a Shortcut Around Rule 65.

Plaintiffs may contend that MDL centralization supports their consolidated filing and accelerated schedule. Centralization may justify coordination but it does not eliminate Rule 65's notice requirement, the Federal Circuit's product-by-product analysis requirement, Rule 65(c)'s security requirement, Rule 65(d)'s specificity requirement, or Defendants' right to use necessary discovery before filing their principal PI oppositions. Plaintiffs filing of at least twenty-four additional lawsuits asserting infringement of the same five patents confirms the need for structure.

*See* Ex. E; *see also In re Rare Breed Triggers Patent Litigation*, MDL No. 3176, Dkt. 100-1 (attached as Ex. F). Those new suits target retailers allegedly selling the Atrius Selector, Super Safety, ARC-Fire, and Partisan Disruptor, and they underscore why Plaintiffs must identify the accused product, source, patents, claims, requested relief, and bond position defendant by defendant rather than rely on broad reseller/product groupings. [5] If Plaintiffs seek to transfer those actions into this MDL or use the pending PI Motion against newly added defendants, they should be required to seek leave and propose procedures that give defendants fair notice, access to the record, protective-order protections, and a meaningful opportunity to be heard. MDL coordination is a reason to impose an orderly framework now—not to proceed on unmanaged default deadlines.

## CONCLUSION AND REQUESTED RELIEF

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). Before PI deadlines run, the Court should resolve threshold issues of pleading sequence, confidentiality, reciprocal discovery, product grouping, patent specificity, bond, and case management. Defendants seek adequate notice, meaningful access to the record, structured conferral, reciprocal discovery if expedited discovery is allowed, protection for confidential information, and a complete record for the Court's decision.

Accordingly, Defendants respectfully request that the Court enter an order:

1. staying all deadlines for Defendants to respond to Plaintiffs' PI-related filings, including the PI Motion (Dkt. 7), Motion for Expedited Discovery (Dkt. 11), Motion to Seal (Dkt. 5), Motion for Excess Pages (Dkt. 12);

---

[5] Plaintiffs previously sought PI relief against the Partisan Disruptor, but that motion was denied after the court found that each weighed against enjoining the manufacturer's business operations and product marketing. *ABC IP, LLC v. Peak Tactical, LLC*, No. 2:26-cv-00018-R, Dkt. 39 (D. Wyo.) (attached as Ex. G). Plaintiffs have appealed that ruling. *See* CAFC No. 2026-1527.

2. directing the parties to engage in a structured meet-and-confer process over a twenty-one day period regarding the threshold procedures necessary to govern Plaintiffs' PI request, including a protective order or confidentiality protocol with any appropriate prosecution bar, reciprocal expedited-discovery procedures, a PI briefing schedule, defendant/product/patent specificity, Plaintiffs' bond/security position under Rule 65(c), the pleading and amendment/conferral status of the patents on which Plaintiffs seek emergency relief, and whether separate product tracks or other product-specific procedures are appropriate;

3. directing Plaintiffs, before the parties' status-conference submission or by another date set by the Court, to file and serve a defendant-specific chart identifying the patents, claims, accused products, requested relief, and bond/security position at issue for each Defendant;

4. providing that no PI response deadline shall run, and no expedited discovery shall issue, before entry of a protective order or confidentiality protocol addressing sealed-material access for all defendants, client and expert consultation, use restrictions, competitive safeguards, and any prosecution bar warranted by technical discovery, and before the Court determines whether expedited discovery will be permitted, reciprocal, and properly sequenced;

5. requiring the parties to submit agreed orders where possible and competing side-by-side proposals where disputes remain;

6. setting a status conference after completion of that conferral-and-submission process to resolve disputed procedures and set the PI schedule; and

7. granting such other and further relief as the Court deems appropriate.

---

Dated: June 3, 2026

/s/ Edward K. Chin
Edward K. Chin
Texas State Bar No. 50511688

Robert Manley (Texas Bar No. 787955)
Christian Hurt (Texas Bar No. 24059987)
Edward K. Chin (Texas State Bar No. 50511688)
Scott W. Hejny (Texas Bar No. 24038952)
Brandon Merrill (Texas Bar No. 24144769)
RManley@McKoolSmith.com
CHurt@McKoolSmith.com
EChin@McKoolSmith.com
SHejny@McKoolSmith.com
BMerrill@McKoolSmith.com

**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Adam V. Floyd (Texas Bar No. 00790699)
AFloyd@FloydIP.com

**FLOYD IP**
3203 Bluffs Lane
Parker, TX 75002
Telephone: (512) 497-7500

Conor M. Civins (Texas Bar No. 24040693)
Michael Chibib (Texas Bar No. 00793497)
Christopher J. Mierzejewski
Texas Bar No. 2407270
**BRACEWELL LLP**
111 Congress Ave., Suite 2300
Austin, TX 78701
Telephone: (512) 472-7800

**Counsel for Defendants Mister Guns, LLC, Thomas Carter II, Brandi Carter, PistolCap Limited Company d/b/a Frisco Guns, Mordekhai Harroch, ProSource Firearms, LLC, and Superior Firearms of Texas, LLC**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served on all counsel of record via the Court's ECF system on June 3, 2026.

/s/ *Edward K. Chin*
Edward K. Chin


**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested in this motion. Specifically, on June 2, 2026, counsel for the Atrius Customer Defendants (Ed Chin, Christian Hurt, Brandon Merrill, Garrett Griggs, Conor Civins) and Defendant Optics Planet, Inc. (Scott Burow, Grace Beach) conferred with counsel for Plaintiffs (Ben Christoff, Jory Hoffman) via video conference. During the conference, counsel discussed the relief requested in this Motion, including whether Plaintiffs would agree to hold Defendants' response deadlines in abeyance while the parties addressed an orderly case-management protocol for Plaintiffs' preliminary-injunction-related filings. The parties did not reach an agreement. On the afternoon of June 3, 2026, Plaintiffs' counsel confirmed by email that Plaintiffs oppose the Motion and provided a counterproposal. Defendants considered Plaintiffs' counterproposal but found it unacceptable. Among other things, Plaintiffs' proposal would require Defendants to oppose the preliminary-injunction motion before obtaining the discovery needed to test Plaintiffs' factual and expert assertions. Defendants submit that this procedure is fundamentally unfair and requires the Court's intervention.

Accordingly, the Motion is opposed.

/s/ *Edward K. Chin*
Edward K. Chin