Docusign Envelope ID: F0CBCB1F-6EB0-8E0F-8348-0F041394B3C8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-MD-03176-ALM** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER, <br><br> *Defendants.* | Civil No. 2:26-CV-00056-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br> v. <br> PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH, <br><br> *Defendants.* | Civil No. 2:26-CV-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br> v. <br> PROSOURCE FIREARMS, LLC, <br><br> *Defendant.* | Civil No. 2:26-CV-00055-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br> v. <br> SUPERIOR FIREARMS OF TEXAS, LLC, <br><br> *Defendant.* | Civil No. 2:26-CV-00058-ALM |

4925-9403-7943

## DECLARATION OF MALCOLM BROWN

I, Malcolm Brown, declare as follows:

1.      I am over eighteen years of age and otherwise competent to make this declaration, which is based upon facts and matters within my own personal knowledge or on information I have reviewed.

2.      I founded and have been an officer with Atrius Development Group Corp. ("Atrius") since 2021, have been personally involved in the development of the Atrius Forced Reset Selector ("FRS"), and am familiar with Atrius's design, product specifications, supply, and technical support activities concerning the FRS.

3.      Atrius designed the Atrius FRS and controls its product specifications, design requirements, and technical documentation.

4.      Atrius's reseller customers do not design, manufacture, or alter the internal operating mechanics of genuine Atrius FRS units supplied by Atrius. Atrius maintains or has access to the principal design materials, product specifications, engineering information, and technical documentation concerning the genuine Atrius FRS.

5.      Development of the FRS began on or about January 2025.

6.      Prior to designing the FRS, I had become aware of an open letter ("letter") dated March 22, 2022, attached as **Appendix A**, to all federal firearms licensees from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I became aware of the letter near the time of its publication.

7.      The ATF letter discussed ATF's views on whether certain types of forced reset triggers ("FRTs") constituted a regulated machine gun. *See generally* **Appendix A**.

8.      Amongst other things, the letter stated that "some after-market triggers have similar components [to FRTs] but also incorporate a disconnector or similar feature to ensure that the

4925-9403-7943

Docusign Envelope ID: F0CBCB1F-6EB9-8E9F-8348-9F041394B3C8

trigger must be released before a second shot may be fired and may not be machine guns [while in forced reset mode]."

9.     In interpreting this statement, I concluded that the FRS needed to include a disconnector which was not disabled in forced reset mode, so as to have the FRS not qualify as a regulated machinegun.

10.    Accordingly, the Atrius FRS—in line with the above interpretation—was deliberately designed and manufactured such that the disconnector is not disabled in forced reset mode.

11.    Instead, in forced reset mode, the disconnector temporarily engages with the hammer before later being disengaged by the fire selector during cycling of the bolt carrier group. In other words, the disconnector temporarily catches the hammer, even in forced reset mode.

I declare under penalty of perjury that the foregoing is true and correct, and this declaration was executed on June 24, 2026, in Orlando, Florida.

DocuSigned by:

/s malcolm Brown
FC113EF0476147C...

Malcolm Brown

4925-9403-7943

# APPENDIX A



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives
*Office of Enforcement Programs and Services*
*Office of Field Operations*

Washington, DC 20226
www.atf.gov

March 22, 2022

### OPEN LETTER TO ALL FEDERAL FIREARMS LICENSEES

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) recently examined devices commonly known as "forced reset triggers" (FRTs) and has determined that some of them are "firearms" and "machineguns" as defined in the National Firearms Act (NFA), and "machineguns" as defined in the Gun Control Act (GCA).

These particular FRTs are being marketed as replacement triggers for AR-type firearms. Unlike traditional triggers and binary triggers (sometimes referred to generally as "FRTs"), the subject FRTs do not require shooters to pull and then subsequently release the trigger to fire a second shot. Instead, these FRTs utilize the firing cycle to eliminate the need for the shooter to release the trigger before a second shot is fired. By contrast, some after-market triggers have similar components but also incorporate a disconnector or similar feature to ensure that the trigger must be released before a second shot may be fired and may not be machineguns.

Both the NFA and GCA regulate machineguns. "Machinegun" is defined under 26 U.S.C. § 5845(b) and 18 U.S.C. § 921(a)(23) as—

> Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, *or combination of parts designed and intended, for use in converting a weapon into a machinegun,* and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person. (Emphasis added.)

ATF's examination found that some FRT devices allow a firearm to automatically expel more than one shot with a single, continuous pull of the trigger. For this reason, ATF has concluded that FRTs that function in this way are a combination of parts designed and intended for use in converting a weapon into a machinegun, and hence, ATF has classified these devices as a "machinegun" as defined by the NFA and GCA.

Accordingly, ATF's position is that any FRT that allows a firearm to automatically expel more than one shot with a single, continuous pull of the trigger is a "machinegun", and is accordingly subject to the GCA prohibitions regarding the possession, transfer, and transport of machineguns

**OPEN LETTER TO ALL FEDERAL FIREARMS LICENSEES** (cont.)

under 18 U.S.C. §§ 922(o) and 922(a)(4).  They are also subject to registration, transfer, taxation, and possession restrictions under the NFA. *See* 26 U.S.C. §§ 5841, 5861; 27 CFR 479.101.

Under 26 U.S.C. § 5871, any person who violates or fails to comply with the provisions of the NFA may be fined up to $10,000 per violation and is subject to imprisonment for a term of up to ten years.  Further, pursuant to 26 U.S.C. § 5872, any machinegun possessed or transferred in violation of the NFA is subject to seizure and forfeiture.  Under 18 U.S.C. § 924(a)(2), any person who violates § 922(o) may be sent to prison for up to 10 years and fined up to $250,000 per person or $500,000 per organization.

Based on ATF's determination that the FRTs that function as described above are "machineguns" under the NFA and GCA, ATF intends to take appropriate remedial action with respect to sellers and possessors of these devices.  Current possessors of these devices are encouraged to contact ATF for further guidance on how they may divest possession.  If you are uncertain whether the device you possess is a machinegun as defined by the GCA and NFA, please contact your local ATF Field Office.  You may consult the local ATF Office's webpage for office contact information.

Assistant Director
Enforcement Programs and Services

GEORGE LAUDER
Digitally signed by GEORGE LAUDER
Date: 2022.03.22 13:25:39 -04'00'

Assistant Director
Field Operations