# EXHIBIT A

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Monday, July 27, 2026 1:02 PM
**To:** Jory Hoffman <JmHoffman@fr.com>
**Cc:** Atrius-RareBreed@mckoolsmith.com; afloyd@floydip.com; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com
**Subject:** Re: 4:26-md-3176 (E.D. Tex.) - Coordinating the Atrius Reseller and Atrius Group PI Proceedings

Jory,

Thank you for the responses. They clarify several aspects of Plaintiffs' proposal. Other responses, however, confirm our concerns with the proposed treatment of the pending PI motion against the Atrius Customer Defendants ("ACDs"), and several important issues remain unresolved.

**1) The pending ACD motion should remain on its existing schedule and its own record.** The ACDs, after already accommodating extensions totaling three weeks, cannot agree to vacate or further extend the existing reply deadline. As you'll recall, Plaintiffs rejected the ACDs' prior request for an additional one-week extension on their Opposition, whereas the ACDs willingly provided the Plaintiffs with the most recent one-week extension on their Reply.

Our principal concern is that, taken together, Plaintiffs' responses to Points 1, 2, and 10 propose that: (a) the ACDs stand on their opposition filed June 26; (b) Plaintiffs seek no separate discovery from the ACDs; and (c) Plaintiffs may nevertheless rely in their ACD reply on evidence later developed through discovery directed to Atrius. Thus, the ACDs' opposition and evidentiary presentation would remain fixed as of a date preceding the Atrius PI motion and any related discovery, while Plaintiffs could expand the evidentiary basis for their reply after reviewing the ACDs' opposition.

The ACDs therefore do not consent to vacating or further extending the current deadlines, expanding the ACD record through discovery directed to Atrius, or aligning the pending ACD motion with the forthcoming Atrius PI motion. Thus, Plaintiffs' reply remains due July 27, and the ACDs' sur-reply remains due August 10.

The ACDs' position is that the pending motion should proceed without expedited discovery. The ACDs' prior expert-declarant deposition proposal was offered as a complete compromise package subject to specified conditions. Plaintiffs did not accept that package, and the ACDs do not regard it as an agreement that expedited discovery is necessary or appropriate.

**2) Atrius cannot evaluate a discovery framework before reviewing the forthcoming Atrius PI Motion.** As we explained during the prior conference, Atrius is not presently in a position to agree to expedited discovery—or to determine whether it will seek any discovery of its own—before reviewing Plaintiffs' Atrius PI Motion, proposed injunction, supporting declarations, expert materials, and affirmative evidentiary record.

Plaintiffs propose to serve discovery with the motion, after preparing those requests with full knowledge of a filing Atrius will be seeing for the first time. Once the motion and supporting record are filed, Atrius will promptly evaluate whether discovery is warranted and, if so, what discovery is

relevant and proportionate, and will confer in detail. Atrius's willingness to confer should not be understood as agreement that expedited discovery will be necessary or appropriate.

As currently described, several aspects of Plaintiffs' proposal are not reciprocal in substance:

- **Rule 30(b)(6) discovery.** Plaintiffs propose a dedicated four-hour Rule 30(b)(6) deposition of Atrius in this proceeding, while proposing to satisfy Rare Breed's reciprocal obligation through Atrius's participation in a deposition noticed in the separate AS Designs action, on a date still being determined, and with limited examination time divided among separately represented defendants. Plaintiffs also have not identified ABC IP's designee or determined whether the two Plaintiff entities would use the same or separate designees.

- **Expert declarants.** Plaintiffs propose that Atrius file its opposition without deposing the experts supplying Plaintiffs' affirmative evidence, with questioning deferred until a hearing after briefing has concluded. Atrius cannot evaluate whether that procedure would be adequate until it sees the experts, their declarations, and the subjects and scope of their opinions.

**3) Lawrence DeMonico's proposed deposition.** Atrius has not yet seen the forthcoming Atrius PI Motion, any declaration from Mr. DeMonico supporting that motion, the applicable Rule 30(b)(6) notice, or the documents to be produced before his deposition. Plaintiffs nevertheless propose that Atrius and the ACDs decide whether to participate in a deposition noticed in another action and coordinate both topics and time with separately represented defendants whose claims, products, and litigation interests may not fully align. Before Atrius or the ACDs can evaluate participation in the AS Designs deposition, please clarify:

a) Is participation optional, and will declining to participate preserve each party's right to seek both a later PI-phase deposition and a full merits-phase deposition of Mr. DeMonico?
b) If Atrius or an ACD participates, will that participation be without prejudice to a later merits deposition, including reasonable examination on overlapping subjects in light of later-produced documents, expert discovery, damages discovery, or other developments?
c) What additional, separate examination time would be allocated to Atrius and the ACDs, and are Plaintiffs proposing that all defendants must share a single PI-phase or merits-phase deposition allotment?

Until those issues are addressed, Atrius and the ACDs cannot determine whether participation would be appropriate.

**4) Sealing and page limits**. Regarding Plaintiffs' proposed Motion to Seal, Atrius cannot state that the motion will be unopposed until it reviews the proposed motion, supporting declaration, materials proposed to be sealed, and proposed public redactions. Once it reviews them, Atrius will be in a position to let Plaintiffs know whether the sealing motion will remain opposed and, if so, to what extent.

Atrius does not presently oppose, in principle, equal 40/40/20/20 page limits for the forthcoming Atrius motion, provided that Plaintiffs agree that the Atrius and ACD motions remain separately briefed and the additional pages are not used to incorporate or combine the two records.

**5) Proposed conference with the Court.** We do not believe a conference with the Court concerning expedited discovery is appropriate at this stage. The Atrius PI motion has not been filed, the supporting record has not been disclosed, and Atrius has not determined what discovery it may seek. Once the Atrius PI Motion is filed, Atrius has had a fair opportunity to analyze the scope of the

supporting record, and the parties have conferred substantively, they can determine whether a genuine impasse exists and, if so, the appropriate procedure for presenting it to the Court.

**6) Plaintiffs' No-Extensions Position.** Plaintiffs' response to Question 14 explains that the proposed schedule would not commence until the Court resolves any discovery dispute, but does not answer whether Plaintiffs' previously asserted no-extensions position would apply reciprocally once the schedule begins. Is it Plaintiffs' position that the no-extensions limitation applies equally to Plaintiffs' reply deadline?

I'm traveling by air for most of the day but am available for a conference anytime after 5:30 p.m. CT, subject to travel delays. Alternatively, I'm open Tuesday morning.

Thanks,

Ed

MCKOOL SMITH

**Edward Chin**
Senior Counsel
Dallas, TX
Tel: (214) 978-4213
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jul 24, 2026, at 4:41 PM, Jory Hoffman <JmHoffman@fr.com> wrote:

Hi Ed,

Thank you for your questions. Our responses follow, with your questions restated for ease of reference.

1. ***ACDs' oppositions.*** *"The table lists a deadline for the 'Atrius Group & Atrius Resellers' oppositions,' although the ACDs filed their opposition on June 26. Are Plaintiffs proposing that: (a) the previously filed ACDs' opposition remain operative without refiling; (b) the ACDs refile the same opposition on the proposed new date; (c) the ACDs be permitted or required to file an amended or supplemental opposition; or (d) Atrius and the ACDs submit a single consolidated opposition, subject to the proposed 40 pages? Please also clarify whether Plaintiffs contemplate that the existing ACD opposition would be superseded in whole or in part."*

**Plaintiffs' Response:** The proposed opposition deadline would apply to the forthcoming Atrius Group PI motion only. The ACDs would stand on their opposition filed June 26.

2. ***Separate or coordinated records.*** *"Would the pending ACD PI motion and the forthcoming Atrius Group PI motion remain separate motions supported by separate evidentiary records, or do Plaintiffs propose a common or consolidated record? In*

*particular, do Plaintiffs intend to rely in their reply concerning the ACDs on evidence obtained through discovery directed to Atrius or submitted in support of or opposition to the forthcoming Atrius Group motion?"*

**Plaintiffs' Response:** The two motions remain separate, but can be supported by the same record developed in expedited discovery. Plaintiffs may rely in their reply concerning the ACDs on evidence obtained through expedited discovery, including discovery directed to Atrius. The ACDs will have the opportunity in their sur-reply to respond to any new evidence or arguments Plaintiffs raise in that reply, or to raise related points of their own.

3. ***Separate or consolidated reply and surreply briefs.*** *"Are Plaintiffs proposing separate replies and surreplies for the two motions, or consolidated briefs addressing both motions? If separate, what page limits would apply to each?"*

**Plaintiffs' Response:** We propose separate briefing for the two motions. For the Atrius Group motion, the proposed 40/40/20/20 structure applies. For the ACD motion — briefed separately, since the ACDs' opposition is already on file — Plaintiffs propose 20 pages for Plaintiffs' reply and for the ACDs' sur-reply, with the ACDs' sur-reply as a single combined brief for all four ACDs together. If the ACDs want to file separate briefs, they may do so.

4. ***Scope of the proposed hearing.*** *"Are Plaintiffs proposing one combined hearing on both motions or separate hearings held on the same or different dates? How soon after the proposed surreply deadline do Plaintiffs propose that the Court conduct the hearing?"*

**Plaintiffs' Response:** Plaintiffs propose one combined hearing on both the Atrius Group and ACD motions, held on the same date. The hearing date is up to the Court, but we will be ready for it immediately after sur-replies.

5. ***Plaintiffs' discovery responses.*** *"Would each Plaintiff separately answer and verify the interrogatories and separately search for and produce responsive documents, or do Plaintiffs propose a single collective response and production?"*

**Plaintiffs' Response:** Plaintiffs propose a single, collective response and production.

6. ***Rule 30(b)(6) discovery.*** *"The proposal expressly identifies a Rule 30(b)(6) deposition only of the Atrius Group. Are Plaintiffs opposed to reciprocal Rule 30(b)(6) discovery of each Plaintiff? If not, when would the 30(b)(6) deposition of each Plaintiff occur relative to Atrius's opposition?"*

**Plaintiffs' Response:** Plaintiffs are not opposed to reciprocal Rule 30(b)(6) discovery of each Plaintiff. Rare Breed's 30(b)(6) designee is expected to sit for a deposition in the separate AS Designs action, currently anticipated within the week of August 3 or shortly after, though the schedule is still being finalized. We propose that the Atrius Group and ACDs participate in that deposition to satisfy their reciprocal 30(b)(6) discovery as to Rare Breed. ABC IP would likewise make a 30(b)(6) designee available; Plaintiffs have not yet determined whether the two entities will use the same designee or separate designees.

7. ***Expert declarants.*** *"Will each expert declarant submitted in support of Plaintiffs' forthcoming motion be available for deposition and, if so, sufficiently before Atrius's opposition?"*

**Plaintiffs' Response:** Plaintiffs do not propose depositions of expert declarants and do not believe expert discovery is necessary at this stage. Plaintiffs propose instead that expert declarants be made available for questioning at the hearing.

8. **One-deposition limitation**. "Are Plaintiffs continuing to take the position that a witness may be deposed only once? If so, please clarify whether Plaintiffs mean once during the expedited PI phase, once per PI motion, once per action, or once across multiple actions? For example, do Plaintiffs contend that an expedited Rule 30(b)(6) deposition of Atrius for purposes of the PI proceedings would preclude any later Rule 30(b)(6) deposition of Atrius in the merits phase, including on subsequently produced documents, damages, other accused products, or subjects outside the scope of the PI proceedings? Separately, do Plaintiffs contend that an expedited PI deposition of Lawrence DeMonico would preclude any later deposition of him in the merits phase, including on subsequently produced documents, damages, other accused products, or subjects outside the scope of the PI proceedings?"

**Plaintiffs' Response:** We do not propose that a witness may be deposed only once in an absolute sense, but that a witness should not be deposed twice on the same or substantially similar subject matter. A deposition taken for purposes of the expedited PI proceedings would not preclude a later deposition of the same witness in the merits phase — including on subsequently produced documents, damages, other accused products, or subjects outside the scope of the PI proceedings — provided the merits deposition does not simply rehash the scope already covered in the PI deposition. This applies equally to the anticipated 30(b)(6) depositions of Atrius and of Rare Breed/ABC IP.

9. ***Participation in the DeMonico deposition.*** *"What do Plaintiffs mean by Atrius's and the ACDs' potential 'participation' in Lawrence DeMonico's deposition in the separate AS Designs action? What limitations, if any, would apply to the scope of examination by Atrius and the ACDs? Would Atrius and the ACDs be required to share the deposition time otherwise available to AS Designs, or would they receive separate examination time? Would participation affect Atrius's or the ACDs' right to depose Mr. DeMonico later in merits discovery? If so, how?"*

**Plaintiffs' Response:** Plaintiffs are offering Mr. DeMonico, as Rare Breed's 30(b)(6) designee and as an individual, once during the PI phase. Given the substantial overlap among AS Designs, the Atrius Group, and the ACDs, Plaintiffs expect Atrius and the ACDs to coordinate with AS Designs on topics and on how to divide the available time among themselves, with the scope of their examination limited to topics relevant to the PI motions. Consistent with our position in response to Point 8, participation would not preclude a later merits-phase deposition on new, non-overlapping subject matter—but Plaintiffs expect that any such merits deposition would likewise occur once, coordinated among all Defendants, consistent with MDL practice and multi-defendant cases in EDTX.

10. ***Atrius Reseller discovery.*** *"Plaintiffs state that they would not seek separate discovery from the ACDs. Does that mean Plaintiffs would seek no interrogatories, document production, Rule 30(b)(6) testimony, fact testimony, expert testimony, or other discovery from any ACD in connection with either motion? Would any of the proposed three interrogatories and five requests for production require information or documents from any ACD?"*

**Plaintiffs' Response**: Correct.

11. **Materials proposed for sealing.** "Please provide more detail concerning the categories of material Plaintiffs expect to file under seal, including whether the material belongs to Plaintiffs, Atrius, third parties, or some combination."

**Plaintiffs' Response:** The majority of the material Plaintiffs expect to file under seal belongs to Plaintiffs, consistent with what has been produced previously, including market share estimates, margins, profits, and other sales-related data. It would also include at least one third party's

confidential sales information, designated AEO. To our knowledge, it does not currently include any information designated confidential by Atrius or the ACDs.

12. ***Page limits.*** *"Is the proposed 40/40/20/20 structure intended solely for the Atrius Group motion, or for combined briefing addressing both the Atrius Group and ACD PI motions? Would the existing ACD opposition count against any proposed 40-page opposition limit?"*

**Plaintiffs' Response**: As addressed in response to Points 1 and 3 above, the 40/40/20/20 structure applies solely to the Atrius Group motion. The ACD motion is briefed separately: the ACDs' existing opposition does not count against, or get measured against, the Atrius Group page limits**.**

13. ***Effect on merits discovery.*** *"Is it the Plaintiffs' position that all expedited PI discovery, including any depositions, is without prejudice to full merits discovery and does not count against otherwise applicable deposition limits?"*

**Plaintiffs' Response:** Correct. Expedited discovery would not count against the parties' otherwise applicable deposition limits in the merits phase.

14. ***Schedule if no discovery agreement is reached.*** *"If the parties cannot agree on expedited discovery, do Plaintiffs nevertheless propose that Atrius's opposition deadline remain subject to a categorical 'no extensions' limitation—even if Atrius must seek an opposed extension from the Court because discovery or related disputes remain unresolved? If so, will Plaintiffs accept the same limitation and agree not to seek an extension of their reply deadline? Please also explain how Plaintiffs propose the briefing schedule should operate while any discovery or scheduling motion remains pending."*

**Plaintiffs' Response:** To avoid protracted or duplicative discovery-related motion practice, Plaintiffs propose the following: if the parties are unable to agree on the scope of expedited discovery, rather than filing separate, competing discovery motions, the parties would call Judge Mazzant's chambers to set a time for a telephonic conference, consistent with how Judge Mazzant handles discovery disputes. The expedited discovery and briefing schedule would not commence until the Court resolves any such dispute.

***

Separately, thank you for letting us know that Atrius intends to withdraw its motion to remand.

We are hopeful the parties can reach an agreement on these issues. Please let us know whether the ACDs would be amenable to a further extension of the parties' reply and sur-reply deadlines so that we can continue working toward a resolution; if not, Plaintiffs plan to file a motion with the Court seeking entry of this schedule.

We are available Monday to meet and confer.

Best,
Jory

**Jory Hoffman**
Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

---

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Thursday, July 23, 2026 5:35 PM
**To:** Jory Hoffman <JmHoffman@fr.com>
**Cc:** Atrius-RareBreed@mckoolsmith.com <Atrius-RareBreed@mckoolsmith.com>; afloyd@floydip.com <afloyd@floydip.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com<melissa@gillamsmithlaw.com>
**Subject:** Re: 4:26-md-3176 (E.D. Tex.) - Coordinating the Atrius Reseller and Atrius Group PI Proceedings

[This email originated outside of F&R.]

Jory,

Thank you for the proposal. We are reviewing it and conferring with Atrius and the multiple Atrius Customer Defendants (ACDs) we represent. Several aspects of the proposal require clarification before we can complete our evaluation. If you are able to provide Plaintiffs' responses to the questions below well in advance of a meet-and-confer call, that would make the call more productive.

**1) ACDs' oppositions.** The table lists a deadline for the "Atrius Group & Atrius Resellers' oppositions," although the ACDs filed their opposition on June 26. Are Plaintiffs proposing that:
a. the previously filed ACDs' opposition remain operative without refiling;
b. the ACDs refile the same opposition on the proposed new date;
c. the ACDs be permitted or required to file an amended or supplemental opposition; or
d. Atrius and the ACDs submit a single consolidated opposition, subject to the proposed 40 pages?
Please also clarify whether Plaintiffs contemplate that the existing ACD opposition would be superseded in whole or in part.

**2) Separate or coordinated records.** Would the pending ACD PI motion and the forthcoming Atrius Group PI motion remain separate motions supported by separate evidentiary records, or do Plaintiffs propose a common or consolidated record? In particular, do Plaintiffs intend to rely in their reply concerning the ACDs on evidence obtained through discovery directed to Atrius or submitted in support of or opposition to the forthcoming Atrius Group motion?

**3) Separate or consolidated reply and surreply briefs.** Are Plaintiffs proposing separate replies and surreplies for the two motions, or consolidated briefs addressing both motions? If separate, what page limits would apply to each?

**4) Scope of the proposed hearing.** Are Plaintiffs proposing one combined hearing on both motions or separate hearings held on the same or different dates? How soon after the proposed surreply deadline do Plaintiffs propose that the Court conduct the hearing?

**5) Plaintiffs' discovery responses.** Would each Plaintiff separately answer and verify the interrogatories and separately search for and produce responsive documents, or do Plaintiffs propose a single collective response and production?

**6) Rule 30(b)(6) discovery.** The proposal expressly identifies a Rule 30(b)(6) deposition only of the Atrius Group. Are Plaintiffs opposed to reciprocal Rule 30(b)(6) discovery of each Plaintiff? If not, when would the 30(b)(6) deposition of each Plaintiff occur relative to Atrius's opposition?

**7) Expert declarants.** Will each expert declarant submitted in support of Plaintiffs' forthcoming motion be available for deposition and, if so, sufficiently before Atrius's opposition?

**8) One-deposition limitation.** Are Plaintiffs continuing to take the position that a witness may be deposed only once? If so, please clarify whether Plaintiffs mean once during the expedited PI phase, once per PI motion, once per action, or once across multiple actions?

For example, do Plaintiffs contend that an expedited Rule 30(b)(6) deposition of Atrius for purposes of the PI proceedings would preclude any later Rule 30(b)(6) deposition of Atrius in the merits phase, including on subsequently produced documents, damages, other accused products, or subjects outside the scope of the PI proceedings?

Separately, do Plaintiffs contend that an expedited PI deposition of Lawrence DeMonico would preclude any later deposition of him in the merits phase, including on subsequently produced documents, damages, other accused products, or subjects outside the scope of the PI proceedings?

**9) Participation in the DeMonico deposition.** What do Plaintiffs mean by Atrius's and the ACDs' potential "participation" in Lawrence DeMonico's deposition in the separate AS Designs action? What limitations, if any, would apply to the scope of examination by Atrius and the ACDs? Would Atrius and the ACDs be required to share the deposition time otherwise available to AS Designs, or would they receive separate examination time?

Would participation affect Atrius's or the ACDs' right to depose Mr. DeMonico later in merits discovery? If so, how?

**10) Atrius Reseller discovery.** Plaintiffs state that they would not seek separate discovery from the ACDs. Does that mean Plaintiffs would seek no interrogatories, document production, Rule 30(b)(6) testimony, fact testimony, expert testimony, or other discovery from any ACD in connection with either motion? Would any of the proposed three interrogatories and five requests for production require information or documents from any ACD?

**11) Materials proposed for sealing.** Please provide more detail concerning the categories of material Plaintiffs expect to file under seal, including whether the material belongs to Plaintiffs, Atrius, third parties, or some combination.

**12) Page limits.** Is the proposed 40/40/20/20 structure intended solely for the Atrius Group motion, or for combined briefing addressing both the Atrius Group and ACD PI motions? Would the existing ACD opposition count against any proposed 40-page opposition limit?

**13) Effect on merits discovery.** Is it the Plaintiffs' position that all expedited PI discovery, including any depositions, is without prejudice to full merits discovery and does not count against otherwise applicable deposition limits?

**14) Schedule if no discovery agreement is reached.** If the parties cannot agree on expedited discovery, do Plaintiffs nevertheless propose that Atrius's opposition deadline remain subject to a categorical "no extensions" limitation—even if Atrius must seek an opposed extension from the Court because discovery or related disputes remain unresolved? If so, will Plaintiffs accept the same limitation and agree not to seek an extension of their reply deadline? Please also explain how Plaintiffs propose the briefing schedule should operate while any discovery or scheduling motion remains pending.

Please provide your responses when available. After reviewing them with our clients, we will propose times for a further conference concerning topics 1 and 2 in your email.

As to topic 3 in your email, Atrius intends to withdraw its pending motion to remand. We will file the appropriate notice with the Panel and will advise you once filed.

Thanks,

Ed

<image352172.png>

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY
CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying,
contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibi
error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jul 22, 2026, at 8:01 PM, Jory Hoffman <JmHoffman@fr.com> wrote:

Hi Ed,

Thank you for meeting on Monday. We're writing on three issues related to the MDL: (1) the Atrius Resellers' preliminary-injunction schedule; (2) Plaintiffs' forthcoming motion for preliminary injunction against the Atrius Group and related motion practice; and (3) the Atrius Group's motion to remand pending before the JPML.

The proposal below applies only to the Atrius Group (the forthcoming PI) and the Atrius Reseller Defendants that you represent against whom Plaintiffs have a pending preliminary-injunction motion.

**1. Atrius Resellers — PI Schedule**

Because the Atrius Resellers' opposition is already on file, we propose moving to vacate the current briefing deadlines (Plaintiffs' reply July 27; the Atrius Resellers' sur-reply August 10), take no expedited discovery from the Atrius Resellers, and have them pick up the same reply and sur-reply dates as the Atrius Group below.

**2. The Atrius Group PI**

Plaintiffs intend to file their motion for preliminary injunction against the Atrius Group next week. Three related items:

- *Motion to file under seal.* We expect to move for leave to file certain materials under seal, in substantially the same form as our prior PI motions.

- *Motion for extra pages.* We propose page limits of 40/40/20/20 (opening/opposition/reply/sur-reply).

***Can you please let us know whether you are amenable to our filing these two motions unopposed?***

- *Expedited discovery & briefing schedule.* To simplify and streamline, we propose a narrow period of written discovery between Plaintiffs and the Atrius Group—each side limited to 3 interrogatories and 5 requests for production tied to the PI factors—together with a single, short 30(b)(6) deposition of the Atrius Group (up to four hours). The Atrius Group and

the Atrius Resellers may, if they choose, participate in the deposition of Lawrence DeMonico set to happen in the AS Designs matter.

Plaintiffs would not seek separate discovery from the Atrius Resellers, whose opposition is already on file.

| Step | Proposed deadline |
| --- | --- |
| Atrius Group PI filed; Plaintiffs serve written discovery on the Atrius Group(3 interrogatories / 5 requests for production) | At filing |
| Atrius Group serves written discovery on Plaintiffs (same limit: 3 interrogatories / 5 requests for production) | 7 days after filing |
| Responses and production (objections stated in the responses) | 14 days after service |
| 30(b)(6) deposition of the Atrius Group (up to four hours) completed | within [14] days after production |
| Atrius Group & Atrius Resellers' oppositions | 14 days after close of discovery (production or depositions, whichever is later) |
| Plaintiffs' reply | 14 days after oppositions |
| Atrius Group & Atrius Resellers' sur-reply | 14 days after reply |
| Hearing (Atrius Group + Atrius Resellers) | Proposed date TBD |

** Because the Atrius Resellers' opposition is already on file—and thus predates any discovery—Plaintiffs would not oppose the**Atrius Resellers** raising points in their sur-reply based on information obtained in the course of the expedited discovery.*

**3. Motion to Remand**

In light of the Atrius Group's decision to withdraw its motion to vacate the CTO in the WDTX case, please let us know whether the Atrius Group intends to similarly withdraw its motion to remand the EDTX case pending before the JPML.

If helpful, please let us know your availability to meet and confer on topics 1 and 2; we're widely available tomorrow.

Best,
Jory

**Jory Hoffman**
Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

**************************************************************************
***************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
**************************************************************************
***************************************************

**************************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
**************************************************************************************
**************************************