# EXHIBIT B

**From:** Jory Hoffman <JmHoffman@fr.com>
**Sent:** Friday, July 17, 2026 6:11 PM
**To:** Edward Chin <echin@McKoolSmith.com>
**Cc:** Ben Christoff <christoff@fr.com>; Atrius-RareBreed@mckoolsmith.com; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com; afloyd@floydip.com
**Subject:** Re: 4:26-md-3176 (E.D. Tex.) - PI Discovery

Hi Ed,

Thanks for your response. Monday, July 20 at 3:00 p.m. CT works for the meet and confer. We will send a calendar invite.

Separately, per our earlier discussion, Plaintiffs plan to file an unopposed motion for extension of time covering our Reply in Support of the First Consolidated PI Motion and your clients' Sur-Reply. We will share the draft motion and proposed order before filing.

Thanks,
Jory

**Jory Hoffman**
Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

---

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Friday, July 17, 2026 11:23 AM
**To:** Jory Hoffman <JmHoffman@fr.com>
**Cc:** Ben Christoff <christoff@fr.com>; Atrius-RareBreed@mckoolsmith.com <Atrius-RareBreed@mckoolsmith.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com <melissa@gillamsmithlaw.com>; afloyd@floydip.com <afloyd@floydip.com>
**Subject:** Re: 4:26-md-3176 (E.D. Tex.) - PI Discovery

Ben and Jory,

Thank you for the two emails. We are conferring with our clients and will respond early next week. One point, however, should be clarified now before Plaintiffs take any further action regarding the pending preliminary injunction motion.

Ben’s email states that Plaintiffs intend to withdraw their preliminary-injunction motion as to the four Atrius Customer Defendants (“ACDs”) “expressly in reliance on the statements made by those defendants that they have ceased selling the accused products.” To the extent that statement reflects an understanding that any ACD has agreed, committed, or represented that it will cease—or refrain from beginning—sales of genuine Atrius FRS products on a prospective basis, that understanding is incorrect.

None of the four ACDs has made any such agreement, covenant, undertaking, or representation. To the extent that an ACD declaration describes historical or then-current sales activity, it states the facts as of the specified time; it does not constitute a promise or commitment regarding future conduct.

If Plaintiffs decide, nevertheless, to withdraw their motion, any withdrawal should not be characterized as having been induced by, or made in reliance upon, a prospective no-sales commitment by the ACDs, because no such commitment exists. Likewise, any future sales activity should not be characterized as a departure from or “resumption” following a litigation commitment that was never made.

Plaintiffs likewise should not premise any renewed request on an alleged breach of a prospective cessation commitment. The ACDs reserve all rights concerning any withdrawal or renewed request, including the relevance of Plaintiffs’ withdrawal of a fully briefed motion to urgency, irreparable harm, and the other equitable issues presented in any subsequent proceeding. If Plaintiffs later seek to re-present the same or a substantially similar request against the same products, the ACDs also reserve the right to seek appropriate case-management protections, including a requirement of leave of Court and materially changed circumstances, as well as relief concerning any resulting fees, costs, prejudice, or unnecessary duplication.

We are conferring with the individual ACDs concerning Plaintiffs’ proposal and will address those matters after completing those discussions. We propose meeting and conferring on Monday afternoon and are available after 2:00 p.m. CT. Please let us know whether that works.

Thanks,

Ed

MCKOOL SMITH

**Edward Chin**
Senior Counsel
Dallas, TX
Tel: (214) 978-4213
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jul 16, 2026, at 10:02 PM, Jory Hoffman <JmHoffman@fr.com> wrote:

Hi Ed,

Following up on Ben's email below with a few specific items. (I removed counsel for other Defendnats.)

First, in preparing the notices of withdrawal, we could not confirm whether Superior Firearms of Texas, LLC has stopped selling the accused Atrius FRS. Please let us know.

Second, in the PistolCap action, Plaintiffs will withdraw the PI motion as to PistolCap Limited Company, which the declaration confirms did not sell the Atrius FRS. The declaration, however, leaves unclear whether the Atrius FRS is still being sold by Mordekhai Harroch (through Frisco Guns). Please confirm that status as well.

If Superior Firearms of Texas and Mr. Harroch have stopped selling and will represent as much to us, Plaintiffs will withdraw the PI motion as to them, consistent with the proposal in Ben's email.

In the alternative, if either are still selling, Plaintiffs propose placing expedited discovery and reply/sur-reply briefing as to that defendant on the same schedule as the forthcoming PI motion against Atrius.

We can cover any of this at tomorrow's meet-and-confer.

Best,
Jory

**Jory Hoffman**
Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

---

**From:** Ben Christoff <christoff@fr.com>
**Sent:** Thursday, July 16, 2026 9:46 AM
**To:** Edward Chin <echin@McKoolSmith.com>
**Cc:** Conor Civins <conor.civins@bracewell.com>; chris.mierzejewski@bracewell.com <chris.mierzejewski@bracewell.com

>; Michael.chibib@bracewell.com <Michael.chibib@bracewell.com>; Atrius-RareBreed@mckoolsmith.com <Atrius-RareBreed@mckoolsmith.com>; afloyd@floydip.com <afloyd@floydip.com>; Randy Roeser <jrroeser@hollandhart.com>; jshull@bannerwitcoff.com <jshull@bannerwitcoff.com>; gbeach <gbeach@bannerwitcoff.com>; SBurow <SBurow@bannerwitcoff.com>; abruening@bannerwitcoff.com <abruening@bannerwitcoff.com>; ted @polaseklaw.com<ted@polaseklaw.com>; tari <tari@polaseklaw.com>; Thepewmarket@gmail.com <Thepewmarket@gmail.com>; Jeffrey Pope <jspope@hollandhart.com>; Andrew Orr <acorr@hollandhart.com>; Timothy Getzoff <tgetzoff@hollandhart.com>; Paul Swanson <pdswanson@hollandhart.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; frank caycedo <frank.caycedo@arlaw.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com<melissa@gillamsmithlaw.com>
**Subject:** RE: 4:26-md-3176 (E.D. Tex.) - PI Discovery

**Ed**:

Instead of the proposal I made Tuesday, Plaintiffs will file a notice of withdrawal of their PI motion with respect to the four Atrius resellers currently subject to that motion. We will do so expressly in reliance on the statements made by those defendants that they have ceased selling the accused products. We reserve all rights to move again if they resume infringing. I believe this moots everything in your email from yesterday and your email Tuesday (July 14), but please let me know if not.

**Counsel for all defendants, other than AS Designs (which is on a separate schedule that AS Designs proposed), who have not stated they have stopped selling the accused products**:

As an initial matter, we would invite all defendants to stop selling the accused products and state on the record that they have stopped selling any accused products and will discontinue those sales. For such defendants, Rare Breed would be amenable to similarly withdrawing their PI motions against them.

For the defendants left who refuse to stop selling the accused products, and building on discovery-related discussions to date, Plaintiffs further propose the following streamlined and coordinated approach and request a meet-and-confer with all such defendants **tomorrow, July 17, at 12:30pm-1:30pm ET**.

| Step | Proposed Deadline |
|---|---|
| PI oppositions | Opposition deadline that is applicable to forthcoming Atrius motion (no extensions) |

| | |
|---|---|
| Discovery requests to be served | 4 days after oppositions |
| Objections to discovery requests | 15 days after service |
| Responses and production | 30 days after service |
| Depositions completed | within 30 days after production |
| Plaintiffs' reply | 15 days after depositions |
| Defendants' sur-reply | 15 days after reply |

Additional proposals for expedited discovery:

- No expert declarant depositions; just one fact witness (3 hours) and one 30(b)(6) witness (4 hours) for per case per side consistent with Rare Breed's motions for expedited discovery
- Limited number of discovery requests:
  - RFPs - 10 common across all defendants
  - Interrogatories - 3 common across all defendants; one additional fourth interrogatory relevant to each product group
- No second bites at the deposition apple on same scope and witnesses later in case
- Sur-reply should fairly respond to the substance of reply brief per the normal rule but can rely on evidence collected during expedited discovery. In other words, no completely new theories/arguments for the first instance in sur-reply that are not fairly responsive to the arguments earlier in the briefing.

Thanks,
Ben

**Benjamin J Christoff** :: Fish & Richardson P.C. :: +1-202-626-7724

---

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Wednesday, July 15, 2026 3:31 PM
**To:** Ben Christoff <christoff@fr.com>
**Cc:** Conor Civins <conor.civins@bracewell.com>; chris.mierzejewski@bracewell.com; Michael.chibib@bracewell.com; Atrius-RareBreed@mckoolsmith.com; afloyd@floydip.com; Randy Roeser <jrroeser@hollandhart.com>; jshull@bannerwitcoff.com; gbeach <gbeach@bannerwitcoff.com>; SBurow <SBurow@bannerwitcoff.com>; abruening@bannerwitcoff.com; ted@polaseklaw.com; tari <tari@polaseklaw.com>; Thepewmarket@gmail.com; Jeffrey Pope <jspope@hollandhart.com>; Andrew Orr <acorr@hollandhart.com>; Timothy Getzoff <tgetzoff@hollandhart.com>; Paul Swanson <pdswanson@hollandhart.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; frank caycedo <frank.caycedo@arlaw.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com
**Subject:** Re: 4:26-md-3176 (E.D. Tex.) - PI Discovery

Ben,

Thanks for your email.

Regarding the briefing schedule, the Atrius Customer Defendants (ACDs) would be willing to agree to Plaintiffs' reply being due on July 27 if the ACDs' sur-reply deadline is extended to August 10. The mutually agreed extensions would not be conditioned on any agreement regarding expedited discovery.

As for your proposal regarding the Atrius resellers, I would like to understand better what Plaintiffs have in mind before discussing it with my clients. A few questions:

1) When you refer to "the Atrius resellers" are you referring only to the four ACD cases currently subject to Plaintiffs' pending omnibus PI motion, or also to any additional Atrius customer defendants whose cases have recently been, or may later be, transferred into the MDL?

2) When you refer to "the PI motion against Atrius," do you mean that Plaintiffs intend to file a new PI motion directly against Atrius? If so, in which action or actions would Plaintiffs file it—the two Atrius declaratory-judgment actions or some other proceeding?

3) Please clarify what Plaintiffs mean by the Atrius resellers being "bound by the outcome" of the PI motion against Atrius. For example:

(a) Would the Court's determination concerning preliminary-injunction relief against Atrius as to the Atrius FRS govern the corresponding reseller PI proceedings only as to the products, patents, claims, theories, and issues actually decided, without affecting the ultimate merits of any party's claims or defenses?

b) Would the arrangement operate mutually such that any denial of preliminary-injunction relief against Atrius, whether in whole or in part, would preclude Plaintiffs from seeking corresponding PI relief against the covered Atrius resellers based on the same products, patents, claims, theories, and issues?

c) Would the resellers remain free to raise dealer-specific defenses or issues not resolved in the manufacturer PI proceeding?

d) Would participation in this arrangement waive or limit any reseller's merits defenses, discovery rights, appellate rights, or ability to oppose any later request for permanent injunctive relief?

e) What procedural mechanism do Plaintiffs envision for holding the pending reseller PI motions in abeyance?

f) Would Plaintiffs agree that all pending PI proceedings against covered Atrius resellers would be stayed, and that Plaintiffs would not seek, file, or pursue preliminary-injunction relief against any other Atrius reseller based on genuine Atrius FRS products, until the manufacturer PI proceeding against Atrius has been finally resolved? If so, what event would Plaintiffs consider to constitute “final resolution”?

Once we better understand the contours of Plaintiffs’ proposal, I’ll discuss it with my clients and get back to you.

Thanks,

Ed

McKool Smith

**Edward Chin**
Senior Counsel
Dallas, TX
Tel: (214) 978-4213
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK
PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distributio
use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by th
unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmi
should be immediately destroyed.

On Jul 15, 2026, at 9:58 AM, Ben Christoff <christoff@fr.com> wrote:

Ed (and Ted), a quick clarification before we send a fuller response. Our reply deadline is July 20, not July 17. The Court extended it by 14 days in the Atrius Customer/Reseller and MaRs cases. *See, e.g.*, Order, ABC IP, LLC v. PistolCap Limited Company, No. 2:26-cv-00053-ALM (E.D. Tex. July 6, 2026), Dkt. 66. So, the one-week extension we’re requesting would move our reply to July 27, and the ACDs' sur-reply would shift accordingly to August 10.

Also, Ted, we also ask for the same one-week extension in the MaRs case. Please let us know if you’re agreeable to that.

We’ll circle back soon on the rest.

Thanks,
Ben

**Benjamin J Christoff** :: Fish & Richardson P.C. :: +1-202-626-7724

---

**From:** Ben Christoff
**Sent:** Tuesday, July 14, 2026 10:17 PM
**To:** Edward Chin <echin@McKoolSmith.com>
**Cc:** Conor Civins <conor.civins@bracewell.com>; chris.mierzejewski@bracewell.com; Michael.chibib@bracewell.com; Atrius-RareBreed@mckoolsmith.com; afloyd@floydip.com; Randy Roeser <jrroeser@hollandhart.com>;jshull@bannerwitcoff.com; gbeach <gbeach@bannerwitcoff.com>; SBurow <SBurow@bannerwitcoff.com>;abruening@bannerwitcoff.com; ted@polaseklaw.com; tari <tari@polaseklaw.com>; Thepewmarket@gmail.com; Jeffrey Pope <jspope@hollandhart.com>; Andrew Orr <acorr@hollandhart.com>; Timothy Getzoff <tgetzoff@hollandhart.com>; Paul Swanson <pdswanson@hollandhart.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; frank caycedo <frank.caycedo@arlaw.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com
**Subject:** RE: 4:26-md-3176 (E.D. Tex.) - PI Discovery

Ed,

Thank you your email. We are in the process of bottoming out on our response and plan to give you a fuller answer as soon as we can.

In the meantime, could you please let us know whether the Atrius resellers would agree to be bound by the outcome of the PI motion against Atrius? If so, we would be amenable to hold the PI motion against Atrius resellers in abeyance pending resolution of the PI motion against Atrius.

Please also let us know whether the Atrius resellers would be agreeable to a week extension for the Plaintiffs' reply in support of their PI motion.

Thanks,
Ben

**Benjamin J Christoff** :: Fish & Richardson P.C. :: +1-202-626-7724

---

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Friday, July 10, 2026 1:18 PM
**To:** Ben Christoff <christoff@fr.com>
**Cc:** Conor Civins <conor.civins@bracewell.com>; chris.mierzejewski@bracewell.com; Michael.chibib@bracewell.com; Atrius-RareBreed@mckoolsmith.com; afloyd@floydip.com; Randy Roeser <jrroeser@hollandhart.com>; jshull@bannerwitcoff.com; gbeach <gbeach@bannerwitcoff.com>; SBurow <SBurow@bannerwitcoff.com>; abruening@bannerwitcoff.com; ted@polaseklaw.com; tari <tari@polaseklaw.com>; Thepewmarket@gmail.com; Jeffrey Pope <jspope@hollandhart.com>; Andrew Orr <acorr@hollandhart.com>; Timothy Getzoff <tgetzoff@hollandhart.com>; Paul Swanson <pdswanson@hollandhart.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; frank caycedo

<frank.caycedo@arlaw.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com
**Subject:** Re: 4:26-md-3176 (E.D. Tex.) - PI Discovery

[This email originated outside of F&R.]

Ben:

The Atrius Customer Defendants (the "ACDs") have carefully considered Plaintiffs' proposal on PI-related discovery as outlined in your July 2 email to all defendants.

As background, Plaintiffs initially sought limited, one-way expedited discovery, while the ACDs maintained that any PI-related discovery should be reciprocal and proportionate to the breadth of the issues raised by Plaintiffs' motion. Although Plaintiffs agreed to an initial two-week extension of the ACDs' opposition deadline, they did not agree to a further one-week extension that could have allowed the parties to reach consensus on an acceptable discovery plan or for the Court to resolve the pending discovery motion. The ACDs therefore filed their opposition without the benefit of discovery, while continuing to propose reciprocal discovery directed to the issues raised by Plaintiffs' PI motion. Plaintiffs did not accept that proposal, and the parties' subsequent communications have since clarified the scope and practical consequences of Plaintiffs' alternative MDL-wide framework.

Having considered the specifics of that framework, the number of defendants it would encompass, and the differing procedural postures of the various defendant groups with respect to Plaintiffs' multiple PI motions, the ACDs cannot agree, under the current circumstances, to a structure that requires separately represented defendant groups to share a single allotment of written discovery or deposition time.

The ACDs also cannot agree that a deposition taken during an abbreviated PI process would constitute the witness's only deposition for the remainder of the litigation. Any deposition conducted now would necessarily be limited in subject matter and duration and would occur before full merits discovery, complete document production, claim construction, and development of the broader technical and damages-related record. Any expedited deposition, therefore, must be without prejudice to appropriate later merits discovery.

Plaintiffs' proposal also is not genuinely reciprocal. It would permit Plaintiffs to obtain individualized discovery from each relevant defendant while requiring separately represented defendant groups to share a limited collective allotment of written discovery and deposition time. That asymmetry is difficult to reconcile: if Plaintiffs contend that individualized discovery is necessary because the defendants' circumstances differ, those same differences confirm that the defendant groups should not be required to share a single collective discovery allotment. The proposal also provides no workable mechanism for allocating written requests or examination time among the different groups and no adequate safeguard against the introduction of materially new evidence or theories on reply after the ACDs filed their opposition without the benefit of discovery.

In light of those considerations, and in an effort to narrow the parties' differences, the ACDs propose the following with respect to the four ACD cases covered by the ACDs' PI opposition:

**1) Expert-declarant depositions.** The parties may take limited depositions of the expert declarants—Richard Eichmann, Brian Luettke, Paul Benoit, and Gregory Cook—confined to the opinions expressed in their declarations and the facts, data, documents, testing, calculations, assumptions, methodologies, and other materials considered in forming those opinions. Each deposition will be limited to four hours on

the record, excluding breaks. Plaintiffs' experts will be deposed before the ACDs' experts. All expert depositions will be completed within thirty days after entry of an agreed order authorizing discovery on these terms. Plaintiffs' expert depositions will be completed during the first fifteen days, and the ACDs' expert depositions during the following fifteen days.

**2) Expert materials.** Each expert's discoverable materials considered or relied upon in preparing the declaration will be produced no later than five business days before that expert's deposition, subject to applicable privilege and work-product protections.

**3) No additional expedited discovery.** No expedited interrogatories, general requests for production, Rule 30(b)(6) notices, fact-witness depositions, or depositions of non-expert declarants will be served absent further written agreement or order of the Court.

**4) No waiver of merits discovery.** Any expedited deposition will be without prejudice to appropriate later merits discovery and will not constitute the witness's sole deposition for the litigation. Any later examination should avoid unreasonable duplication of testimony already elicited during the expedited deposition.

**5) Closed written-testimony record.** The fact and expert declarations already submitted with the PI motion and the ACDs' opposition, together with testimony elicited during the agreed expedited depositions and materials properly produced in connection with those depositions, will constitute the testimonial record for the remaining PI briefing. Neither side may submit a new or supplemental expert or fact declaration, affidavit, expert report, or other written testimonial submission with the reply or sur-reply absent the opposing party's written agreement or leave of Court for good cause.

Any request for leave must identify the proposed testimony and explain why it could not reasonably have been presented earlier. If the Court permits materially new written testimony, the opposing side will be entitled to depose the declarant for up to four hours and to file up to seven additional pages addressing that testimony, or such other relief as the Court deems appropriate.

This limitation does not prohibit a timely correction under Rule 30(e) or correction of a clerical or typographical error in an existing declaration, provided the correction does not introduce a new opinion, factual theory, calculation, methodology, or evidentiary basis.

**6) Scope of sur-reply.** Because the agreed expedited depositions will occur after the ACDs filed their opposition, the ACDs' sur-reply may address matters raised in Plaintiffs' reply and any testimony, exhibits, or other evidence first developed through the agreed expedited discovery that is relevant to the PI issues, including material developed after the opposition but not affirmatively cited in Plaintiffs' reply.

**7) Briefing schedule.** Plaintiffs' reply will be due fifteen days after completion of the final expert deposition. The ACDs' sur-reply will be due fifteen days after service of Plaintiffs' reply.

This proposal preserves focused, reciprocal discovery directed to the evidentiary submissions actually before the Court while avoiding a broader MDL-wide discovery process that the parties' communications, including the Disruptor defendants' recently-expressed views about Plaintiffs' proposal, have shown would be difficult to administer and reach consensus on given the current posture of this PI proceeding.

Because the current reply deadline is approaching, please advise by **Tuesday, July 14, at 12:00 p.m. CT** whether Plaintiffs accept the foregoing discovery proposal. If

Plaintiffs do not accept that proposal, please also advise by that time whether Plaintiffs agree to the alternative briefing schedule described below.

Absent agreement on expedited discovery, Plaintiffs and the ACDs will proceed under the existing briefing schedule, subject to any order of the Court. To facilitate completion of the present briefing, however, the ACDs would agree to extend Plaintiffs' reply deadline from July 17 to July 24, provided Plaintiffs agree to extend the ACDs' sur-reply deadline from July 24 to August 7, subject to Court approval. This alternative briefing extension would not include or imply agreement to expedited discovery.

Thanks,

Ed

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distributio use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by th unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmi should be immediately destroyed.

On Jul 2, 2026, at 10:31 AM, Ben Christoff <christoff@fr.com> wrote:

Some people who received this message don't often get email from christoff@fr.com. Learn why this is important

Defendants' counsel,

We write to coordinate with you on PI-related discovery in order to achieve a reasonable, efficient, and orderly process.

As you may know, Plaintiffs have requested limited expedited discovery in its PI motions to date.

- In connection with the Plaintiff's PI motion against *AS Designs*, Plaintiffs sought limited discovery mostly about irreparable harm, including five RFPs, three interrogatories, three hours of fact witness deposition, and four hours of 30(b)(6) deposition. *See* Case No. 4:26-cv-370-ALM (E.D. Tex.), Dkt. 30.

- In connection with Plaintiffs' first omnibus PI motion, Plaintiffs sought narrow discovery keyed largely to irreparable harm, including four RFPs, three interrogatories, three hours of fact witness deposition for each relevant defendant, and four hours of 30(b)(6) deposition for each relevant defendant. *See* Case No. 4:26-md-3176 (E.D. Tex.), Dkt. 11.

- Plaintiffs have also informed relevant Defendants that, in the Plaintiffs' forthcoming omnibus PI motion asserting the '403 patent against the Disruptor, Plaintiffs once again will seek similar amounts and types of discovery.

Plaintiffs are amenable to reciprocal discovery from those parties who still may oppose Plaintiff's PI motions. The relevant evidence the Defendants would need overlaps significantly, if not entirely. We would therefore expect and request the Defendants to coordinate and come up with targeted discovery requests, similar in number and scope to those that Plaintiffs have moved for, and exploit the overlapping needs of the Defendants. Plaintiffs will not agree to disproportionate numbers of requests, putting up witnesses multiple times, or the like, nor is that necessary here.

With all that in mind, Plaintiffs would be amenable to the following reciprocal expedited discovery:

- On timing, we propose that objections to discovery requests would be due within 15 days after being served, and responses and production would be due within 30 days after being served. Depositions would then be completed within the following 30 days (with the deadline being 60 days after the discovery requests were served).

- On RFPs, we propose that the defendants collectively have 10 RFPs common to all defendants across all PI motions within the MDL.

- On interrogatories, we propose that the defendants collectively have 3 rogs common to all defendants across all motions and cases within the MDL, except for one additional, fourth rog that is common to the defendants relevant to each product group (AS Designs-related, Atrius-related, and Peak-related).

- On depositions, we are still discussing details of our proposal, but it is safe to say that would not agree to put up any witness more than once, and we would expect hours limitations analogous to what the Plaintiffs have requested, and the decision to seek the deposition of certain individuals would be narrowly tailored to meet the requirements for expedited discovery.

We will send a calendar invite to all of you for a meeting next week to discuss this, and anyone who wishes to attend may do so. We look forward to discussing with you.

Best,
Ben

**Benjamin J Christoff**
Principal ■ Fish & Richardson P.C.

**T:** 202 626 7724 | christoff@fr.com

************************************************************
************************************************************
******
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
************************************************************
************************************************************
******

**************************************************************************
***************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
**************************************************************************
***************************************************

**************************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
**************************************************************************************
**************************************