**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER,<br><br>Defendants. | Civil Action No. 2:26-cv-00056-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HAR-ROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00055-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00058-ALM |
| ATRIUS DEVELOPMENT GROUP CORPORATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ABC IP, LLC, RARE BREED TRIGGERS, INC., RARE BREED FIREARMS LLC, LAWRENCE DEMONICO, KEVIN MAXWELL, and COLE LELEUX,<br><br>Defendants. | Civil Action No. 4:26-cv-00448-ALM |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE BRIEFING DEADLINES AND ENTER A COORDINATED SCHEDULE**

In March, four Atrius reseller Defendants (the "Resellers") moved to stay their actions, telling this Court that they present "nearly complete overlap in issues" with the claims against Atrius Development Group Corporation, Inc. ("Atrius")—the manufacturer of the accused product—and that "it makes little sense to litigate these cases separately." Today, two preliminary injunction motions on that product are pending before this Court: one against Atrius, one against the Resellers (among others). Yet the Resellers demand a separate PI hearing and a separate record despite the overlap they described. Rule 42(a)(1) permits one hearing whenever actions share a common question, and this MDL was created in part to prevent inconsistent injunction rulings on the same product. Plaintiffs therefore ask for something narrow: hear the two PI motions together, and conform the reseller briefing deadlines (which Plaintiffs moved to vacate before their reply came due) with Atrius's. Dkt. 77 ("Mot.").[1] The Resellers were ready to wait indefinitely while Atrius's case went first; they should not now claim prejudice from a short delay in receiving a PI ruling.

## I. THE COURT SHOULD HEAR THE ATRIUS RESELLER AND ATRIUS PI MOTIONS TOGETHER

### A. Rule 42(a)(1)'s Common Question Requirement Is Satisfied: Even the Resellers Agree That Both PIs Turn on Whether One Product Infringes the Same Patents

Fed. R. Civ. P. 42(a)(1) and the Court's inherent authority to control its docket permit it to join two motions for one hearing if they share a common question of law or fact. Where "actions before the court involve a common question of law or fact," the court may "join for *hearing* . . . any or all matters at issue in the actions." Fed. R. Civ. P. 42(a)(1) (emphasis added). A district

[1] Unless otherwise noted, docket citations are to *ABC IP, LLC v. Mister Guns, LLC*, No. 2:26-cv-00056 (E.D. Tex.); the filings are materially the same in Nos. 2:26-cv-00053-ALM, 2:26-cv-00055-ALM, and 2:26-cv-00058-ALM, and substantially identical motions to stay were filed in each. Dkt. 15 at 3 n.2.

court retains "considerable discretion to consolidate cases . . . under Rule 42" where "there is only 'a common question of law or fact.'" *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012); *see also Time Inc. v. Sand Creek Partners, L.P.*, 825 F. Supp. 210, 211 (S.D. Ind. 1993) (consolidating under Rule 42(a) and holding "a joint hearing" at which preliminary injunctive relief issued). Both PI motions here turn on common questions—infringement, validity, irreparable harm, and the public interest. Mot. at 6–7.

Here, the Resellers have already told this Court that these actions turn on at least one common question—whether the Atrius FRS infringes. In March, the Resellers moved to stay these actions pending Atrius's declaratory-judgment case. Dkt. 15 at 2. They said that these cases present "nearly complete overlap in issues," and that "it makes little sense to litigate these cases separately." *Id.* at 5. The Opposition concedes that both PI Motions concern "the Atrius FRS, four patents, Plaintiffs' technical expert Brian Luettke, and product-level infringement theories." Dkt. 78 at 9.

### B. Two Hearings on the Atrius FRS Invite the Inconsistent Rulings This MDL Was Created to Prevent

One hearing also serves the purposes of Rule 42(a) and of this MDL. The Rule authorizes a joint hearing and orders to "avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1), (3). And the Fifth Circuit's approach to aggregating related claims is pragmatic rather than formal, favoring "the maximum effective relief with the minimum expenditure of judicial energy." *Cf. Gentry v. Smith*, 487 F.2d 571, 579–80 (5th Cir. 1973). The Panel created this MDL to "eliminate duplicative discovery, prevent inconsistent pretrial rulings—especially regarding claim construction, patent validity, and *the appropriateness of injunctive relief*—and conserve the resources of the parties, their counsel, and the judiciary." *In re Rare Breed Triggers Patent Litigation*, MDL No. 3176, Dkt. 44, at 2 (J.P.M.L. Apr. 2, 2026) (emphasis added). Two hearings would require this Court to

cover the same issues twice—the same patents, the same claims, the same technical record, the same experts.

Nor is the risk of inconsistent rulings hypothetical. On the Resellers' schedule, the Court would decide likelihood of success on infringement and validity of the Atrius FRS twice: first on a record built without discovery from the manufacturer, then in the Atrius proceeding on a fuller one.[2]

### C. The Resellers' Objections Do Not Outweigh the Efficiencies of a Single Hearing

The Resellers' various objections do not outweigh a single hearing. They say Plaintiffs' request for Atrius discovery proves the issues are not common, Dkt. 78 at 2, 9–10—but that conflates issues with evidence: the questions (infringement, validity, irreparable market harm, public interest) are shared, and the evidence sits with Atrius, as the Resellers themselves told this Court. Dkt. 15 at 5, 6. They say a joint hearing would bury their record, Dkt. 78 at 15, but this is a hearing management decision within the Court's discretion. They say Plaintiffs chose to move against the Resellers first, Dkt. 78 at 14—but the procedural posture left little choice: there was no patent claim against Atrius to move on until its pleadings settled in late July, and a parallel arbitration still offered complete contractual relief against it. *Atrius Dev. Grp. Corp. v. ABC IP, LLC*, No. 4:26-cv-00448-ALM, Dkt. 54 at 33–34 (E.D. Tex. Aug. 1, 2026). Until then, the only patent PI available against the Atrius FRS was against the Resellers. They say waiting prejudices them, Dkt. 78 at 13, but they asked this Court to wait indefinitely for Atrius's declaratory-judgment case. Dkt.

[2] Atrius's offer does not close the gap. It promises only not to relitigate this Court's "preliminary likelihood-of-success determinations concerning infringement and validity," and only if the Court decides the reseller motion "on the existing [Reseller] evidentiary record." *Atrius Development Group Corp. v. ABC IP, LLC*, No. 4:26-cv-00448-ALM, Dkt. 61 at 8 (E.D. Tex. Aug. 10, 2026). Expedited discovery is exactly such evidence, so the stipulation preserves the dispute it claims to settle.

15 at 6, 7. By their own reckoning, the delay is bounded: briefing would run to October 17. Dkt. 78 at 12. And two hearings would cost the Resellers and Atrius more than one, not less: the same counsel represent both. Plaintiffs would bear the cost of that duplication as well. Both motions are now before this Court. They share common questions—and Rule 42(a)(1) requires nothing more. The rest is in this Court's discretion. *In re EMC*, 677 F.3d at 1360.

## II. GOOD CAUSE SUPPORTS VACATING THE RESELLER BRIEFING DEADLINES AND CONFORMING THEM TO A JOINT HEARING

Rule 6(b)(1)(A) permits the Court to extend a deadline "for good cause" where "a request is made . . . before the original time . . . expires." Plaintiffs moved on July 27, before the reply deadline ran. Mot. at 3. Plaintiffs ask, in order of preference, that the Court either (1) vacate the July 27 and August 10 deadlines and set the reply and sur-reply on the coordinated schedule; (2) permit a reply fourteen days from its ruling on this Motion.

The Resellers largely contest two issues. First, they say nothing prevented a timely reply. Dkt. 78 at 7. But nothing about Plaintiffs' choice was tactical: Plaintiffs moved before the deadline ran, after a month spent trying to agree on a coordinated schedule and expedited discovery: twelve emails, two telephonic conferences, a written proposal, and fourteen questions answered point by point. *See* Mot. at 5–6, 10.

And their authority answers a different question. *Hybritech* and *GoNannies* address whether delay in seeking an injunction undercuts irreparable harm—not whether a movant has good cause to adjust a briefing schedule—and the Resellers concede as much. *See* Dkt. 78 at 12. *Hybritech* also cuts against them: the Federal Circuit affirmed a preliminary injunction where the patentee delayed as to one infringer "while it litigated with" another, sustaining a finding of "good cause for seeking relief against [the other] first." *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1457 (Fed. Cir. 1988). The rest are further afield still. *Alexander* denied a three-year-late

motion to disqualify counsel, brought by plaintiffs who had withdrawn their injunction motion. 822 F. Supp. 1099, 1119 (D.N.J. 1993). *Monolithic Power* affirmed fees under 35 U.S.C. § 285 against a patentee that dismissed claims to escape a validity ruling. And *Hewlett-Packard* is a declaratory-judgment jurisdiction decision.

On prejudice, the Resellers object that Plaintiffs studied the opposition and would answer it with evidence from Atrius. Dkt. 78 at 7, 10. Courts permit exactly that where the nonmovant gets a response. *Pimentel* considered affidavits filed with a PI reply "[b]ecause the Court granted [the nonmovant] leave to file a surreply," rejecting the record-only alternative as "not equitable." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 208, 209–10 (D.N.M. 2005). And *Springs Industries* (Atrius's own authority) directs that a movant needing new evidentiary support "should first confer with the nonmovant," and that the parties should then agree "to submission of a further response and a final reply brief." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991). Plaintiffs did this at every step: they conferred for a month, offered to withdraw the PI motion, sought leave in advance, and seek no discovery from any Reseller. Mot. at 5–6, 10 & Ex. 2 at 4. The Resellers' rely on *Novosteel*, where the nonmovant had no chance to respond before oral argument—and the waived matter was an argument, not evidence. 284 F.3d 1261, 1274 (Fed. Cir. 2002). Here, the Resellers would get a twenty-page surreply against Plaintiffs' twenty-page reply. Mot., Ex. 1 at 4. That is not prejudice.

Both PI motions turn on common questions: infringement, validity, irreparable harm, public interest. The Court should join them for a single hearing, vacate the July 27 and August 10 deadlines, and enter a coordinated briefing schedule.

DATED: August 14, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system on August 14, 2026.

*/s/ Matthew A. Colvin*
Matthew A. Colvin